In the Matter of the Accounting of COMMERCIAL NATIONAL BANK AND TRUST COMPANY OF NEW YORK, as Executor of SIDNEY R. KENT, Deceased.

Surrogate's Court, New York County, January 2, 1948.

*Dwight, Harris, Koegel & Caskey* for executor, petitioner.

*Sydney G. Soons* for Peggy A. Kent, respondent.

COLLINS, S. In this final accounting by the executor the petition requests the court to determine whether interest on the Federal estate tax deficiency paid on July 3, 1945, should be charged to principal or income or apportioned between the two. It also asks an adjudication of the question whether interest paid by the executor in 1944 on an estate tax deficiency should not be charged to principal rather than to income " and a reversing entry to that effect ordered." The latter request is stated to have been made to the court at the instance of one of the income beneficiaries.

The payment made in 1944 was reported in the prior account of the executor. No objection was made and a decree was entered judicially settling the account. That decree settled the respective rights of the parties and it cannot be attacked collaterally. The court cannot now consider a matter judicially settled by the prior decree and cannot now order " a reversing entry " in the prior account.

The 1945 payment and its allocation against income are reported in the pending accounting. It is conceded that the executor was in no way at fault in incurring the liability for penalty interest. Under such circumstances, the rule is that interest on estate taxes is properly chargeable against income to the extent that income is earned on the principal sum exacted by the sovereign. " To the extent that income account had been credited with earnings upon the sovereign's toll it is equitable that the whole of such earnings be applied to the satisfaction of the penalty interest." (Matter of Harjes, 170 Misc. 431, 435.) There is no contention that income had not been earned on the principal amount of the tax to the extent of the interest charged against it.

The direction in the will respecting the payment of estate taxes is not sufficient to relieve income from its equitable liability for payment of interest on taxes. The will directs that " all estate, inheritance, transfer, succession and other death taxes which may be payable with respect to any property includible as a part of my gross taxable estate shall be entirely borne by and paid from the corpus of my residuary estate." This text constitutes a direction against apportionment of the *tax* but does not relate to the burden of interest upon a delinquent tax payment. (Matter of Chambers, 54 N. Y. S. 2d 88; Penrose v. United States, 18 F. Supp. 413.) The " interest on a tax is not a tax, but is something in addition to the tax." (Penrose v. United States, supra.) As the court pointed out in Matter of Harjes

(*supra*), the tax accrues on the death of the decedent and in legal theory the amount of the tax is at that time excised from the property formerly owned by the decedent and appropriated by the sovereign; and in consequence there never accrued to any beneficiary the right to interest in the fund so excised. The delinquent payment of the tax could not result in any loss to the income beneficiary but on the contrary could possibly produce an additional benefit to which she would not otherwise be entitled. If timely payment of the whole tax had been made, the principal sum would have been taken out of the trust and obviously that sum could not have produced any further income for the beneficiary. The whole tax was not paid when due and a portion of the tax money was allowed to remain in the fund and to produce income. The income account is chargeable with interest on the delinquent tax only to the extent of the income earned by the money which belonged to the sovereign. The will gives to the beneficiary " the residue " of the income " after deducting from such income all charges and expenses properly chargeable against the same." The allocation to income of the interest on the tax to the extent of the income earned on the principal of the tax is not only in accord with the testamentary directions but is the only equitable method of allocation.

The court accordingly holds that the interest on the deficiency was properly charged against income.

The application for permission to abandon the worthless assets set forth in schedule B-1 of the account is granted.

Submit decree on notice settling the account accordingly.