In the Matter of the Construction of the Will of ISABEL V. COOK, Deceased.

Surrogate's Court, New York County, June 10, 1948.

*Henry Zimmerman* for Miles R. Vernon, petitioner.

*Adams & James* for Central Hanover Bank and Trust Co., respondent.

*Franklin P. Adams* for Richardson Turner, respondent.

DELEHANTY, S. Deceased's will contains a bequest to seven named cousins of " $300. each and one Mexican bond each ". The filed account shows only that $3,000 of nominal value of Mexican bonds of one series and $2,000 nominal value of Mexican bonds of another series were among deceased's assets. A supplemental affidavit discloses that in one series each bond is of $1,000 face and in the other series each bond is of $500 face. In other words, deceased had enough bonds to give one to each of her cousins. Because of the disparity in nominal value of the bonds the question is presented whether or not the gift of bonds can be validated at all. The matter is not of practical consequence because the bonds are of trifling value but the legal question nonetheless is present and must be decided. The only authority in this State which appears pertinent is *Matter of Turner* (206 N. Y. 93) where the court construed a will under which a testator gave " one house " to each of several persons. There the Appellate Division (149 App. Div. 946) had held the gifts were void for uncertainty but the Court of Appeals ruled that the gifts were valid and that the legatees were entitled (in the order in which they were named in the will) to choose the house wanted. There, as here, the subject matters of the gifts differed materially in value. In the *Turner* opinion (*supra*) some English cases are cited. These and other cases are discussed in a note on the subject in 157 American Law Reports 1129. These cases are deemed by a writer on the subject of wills to attach to a gift so phrased an implied power of selection (3 Page on Wills [Lifetime ed.], § 1067). The court holds that the rule in the *Turner* case is applicable and that the legatees may choose, in the order in which they are named in the will, the bonds constituting a part of their respective gifts.

The will contains a bequest in this text: " To my nephew, Donald Vernon $300 and stock in the U. S. Lines ". Among deceased's effects were found no shares of stock in any cor-

poration called U. S. Lines or known by any similar title. In these circumstances the gift is valid only so far as the money is concerned.

The will also provides for a legacy in these terms: " To Beatrice Williams Larsen, $300. and Air Line Stock." Among the effects of deceased at the time of death were 100 shares of the Aviation Corporation issued in the name of deceased on November 8, 1939. Her will is dated September 4, 1945. No other shares of any air line were found among deceased's effects except the shares just mentioned. The whole will bears evidence of preparation by a lay person. The lack of accurate description is fully explained by that fact. The court holds the gift is to be satisfied by delivery to the legatee of the money gift and the shares of the Aviation Corporation found among deceased's effects.

The will provides further for a gift " in trust for Edith Vernon, to be held by Florence Ianthe V. Griffith, New York Central Railroad stock and one Victory bond ($500.) ". Among the effects of deceased were found two United States Savings bonds, series G, registered in the name of deceased and containing on the face of each the following: " P.O.D. F. I. Vernon Griffith ". That label obviously constitutes a direction that the bonds be payable on death to Florence Ianthe V. Griffith, the same person who is mentioned in the text quoted from the will. Under Federal legislation governing the issuance of United States Savings bonds the title to such bonds passed on the death of deceased to the alternative owner stated on the face of the bonds and the provisions of the will in respect thereof are wholly ineffective to transfer any interest in either bond to Edith Vernon. The gift however can be validated in respect of the New York Central Railroad stock since there were found among deceased's effects 100 shares of stock of New York Central Railroad Company. These shares are sufficiently identified by the description in the will. No trust is created by virtue of the text since no trust duties are imposed. Legal title to the shares passes directly to Edith Vernon (*Jacoby* v. *Jacoby,* 188 N. Y. 124).

Submit, on notice, decree construing the will, directing distribution and settling the account accordingly.