In the Matter of the Accounting of DWIGHT K. BARTLETT et al., as Surviving Executors and Trustees, and JOHN J. SCHEFFLER, JR., et al., as Executors of EMMA F. KINGSLEY, Deceased Executrix and Trustee, under the Will of EDWARD D. KINGSLEY, Deceased.

Surrogate's Court, Westchester County, February 17, 1949.

*Hall, Cunningham & Haywood* for executors and trustees, petitioners.

*Dutton & Kilsheimer* for Stephen J. White and others, respondents.

*Morris Golub,* special guardian for Margot L. Scheffler and others, infants.

GRIFFITHS, S. In this proceeding for the judicial settlement of the final account of the executors, and of the intermediate account of the trustees under the will of this decedent, request is made for a determination and direction as to the source of payment of Federal and New York estate taxes. The problem arises by reason of the inclusion in the gross taxable estate (both Federal and State) of a portion of the total value of certain assets transferred *inter vivos* by the decedent on December 14, 1935.

The testator died on January 1, 1945. In his will executed on December 16, 1935, article " Ten " thereof relating to the payment of estate taxes provided as follows: " I direct that all succession and inheritance taxes or charges of any nature whatsoever upon my estate, or upon each and every legacy and devise contained in my will and all codicils made or to be made thereto shall be paid out of my residuary estate."

The aforementioned *inter vivos* transfer was made by a deed of trust dated December 14, 1935, under which the net income was payable to Emma F. Kingsley, wife of the decedent, during her life and upon her death the principal thereof was distributable in certain designated proportions to individuals who were business associates of the decedent, four of whom are named both as specific legatees under the will and as remaindermen of one fourth of the residuary trust under the will. The said Emma F. Kingsley departed this life on May 23, 1948.

It is contended by petitioners that the language employed in article " Ten " of the will is not sufficiently broad to include the taxes upon nontestamentary benefits and that therefore the mandatory apportionment provided by section 124 of the Decedent Estate Law is operative. In support of such contention counsel for petitioners asserts that the language employed in the will of this decedent is similar to that found in *Matter of Mills* (272 App. Div. 229, affd. 297 N. Y. 1012), and in other decisions, which was construed to be restricted to taxes upon testamentary benefits.

It is the duty of the court to ascertain the intent of the testator as shown by his will, taken as a whole, in the light of the circumstances existing at the time of its execution. (*Furniss v. Cruikshank,* 230 N. Y. 495.) It is also a familiar principle of law that in ascertaining the intent of the testator effect must be given to all of the words he has employed. It is to be noted that the testator first characterized the taxes that he contemplated might be imposed as " succession and inheritance taxes ". That he did not rely upon the technical meaning of " inheritance " or " succession " taxes is shown by the fact that there follows the designated taxes the disjunctive word " or " and the phrase " charges of any nature whatsoever upon my estate ". The separation of this phrase from the enumeration of the testamentary benefits by the word " or " indicated that the testator intended to make a distinction between the taxes that might be imposed upon the legacies and devises contained in his will and those taxes embraced in the preceding phrase. If he intended to confine the directive to taxes upon testamentary benefits, there would have been no occasion to add " or other charges of any nature whatsoever." The court concludes that the provisions of article " Ten " of the will constitute a direction against apportionment of all estate taxes, Federal and State, with respect to the *inter vivos* transfer as well as property passing under the will. (*Matter of Aldrich,* 259 App. Div. 162; *Matter of Haliday,* 184 Misc. 668; *Matter of Reid,* 193 Misc. 154.)

The will of this decedent is clearly distinguishable from that in *Matter of Mills* (272 App. Div. 229, 232, *supra*). There the direction against apportionment related to " all estate, inheritance, transfer and succession taxes imposed *upon my estate or any part thereof, or the transfer thereof or any right of succession thereto* ". (Italics supplied.) It was there held that the will failed to disclose an intent that the direction against apportionment should extend to nontestamentary transfers, the court concluding that the phrase " my estate " was confined to the testamentary estate of testator, he having elsewhere in his will employed the term " my estate " as referable to his testamentary estate. It was also stated therein that the same conclusion would have been reached if the will were construed in the light of the law existing when it was drawn and on the date of death, the testator therein having died before 1940, when the question of the taxability of *inter vivos* trusts was settled in *Helvering v. Hallock* (309 U. S. 106.) Here it

is evident that by adding to the phrase " charges of any nature whatsoever upon my estate " the clause " or upon each and every legacy and devise contained in my will ", the testator clearly distinguished between taxes imposed upon his estate with respect to testamentary benefits and all taxes that might be imposed with respect to all property included in his gross taxable estate.

It is evident from the petition and it is not disputed, that penalty interest on the Federal tax was not incurred by any lack of diligence on the part of the executors. The tax assessed upon the *inter vivos* transfer in question was the result of a compromise made with the collector, the executors having assumed in good faith that there would be no tax imposed upon such transfer. " Penalty interest " on a Federal tax is not a part of the tax but is something in addition thereto. (*Penrose* v. *United States,* 18 F. Supp. 413; *Matter of Harjes,* 170 Misc. 431; *Matter of Chambers,* 54 N. Y. S. 2d 88; *Matter of Kent,* 191 Misc. 939).

The court determines that the direction for the payment from the residuary estate of " all succession or inheritance taxes or *other charges of any nature whatsoever* * * * ", constitutes a direction against apportionment with respect to penalty interest on the Federal estate tax as well as to the amount of the tax. The phrase above quoted is sufficiently broad to extend to any charge imposed by way of penalty interest incurred by reason of excusable delay in the payment of such tax. By designating his residuary estate as the source of payment of taxes or other charges, the testator undoubtedly referred to the residue of the principal fund and not also to income earned during the period of administration. The term " residuary estate " as employed herein therefore requires the payment of penalty interest as well as the tax from the principal amount of the residuary trust. Article " Ten " of the will is accordingly effectual to exonerate any and all income earned on trust principal from the payment of the whole or any part of penalty interest.

Settle decree construing the will accordingly and settling the account.