In the Matter of the Construction of the Will of JOSEPH M. PATTERSON, Deceased.

Surrogate's Court, Westchester County, July 6, 1949.

*Carl S. Forsythe* and *Edward M. Maher* for George T. Townley and others, petitioners.

*Chauncey B. Garver* and *Robert S. Coe* for Mark K. Patterson and others, respondents.

*Ralph E. Becker,* special guardian for Adrianne Mark.

*William C. Duell,* special guardian for Adam Albright and another.

*J. Harvey Turnure,* special guardian for Joseph M. Patterson and another.

GRIFFITHS, S. This independent proceeding for a construction presents primarily the question as to whether or not the will directs the source of payment of penalty interest on the Federal estate tax imposed herein. The will of testator, who died on May 26, 1946, is dated October 9, 1944. By article " First " of said will he provided as follows:

" First: I order and direct my Executors to pay all my just debts and funeral expenses and administration expenses as soon after my death as is convenient. I also direct my Executors to pay any and all inheritance, estate, transfer and succession taxes and other governmental charges, taxes or liens imposed upon my estate passing under the terms of this Will, or passing under the terms of any trust created by me during my lifetime, if such trust shall be held to be taxable, or upon the interest of any of the legatees, devisees or beneficiaries therein by any present or future law of the United States or any state relating to the transmission of property by descent or devise. I order and direct that all such charges, taxes and liens be considered and treated as expenses and costs of administering my estate and that they be paid out of my estate before distribution, if possible."

The court construes the will as importing an intent for payment of penalty interest wholly from principal and as contemplating the exoneration of income from the payment of any part of the penalty interest on such Federal estate taxes. In a prior decision herein (*Matter of Patterson,* 73 N. Y. S. 2d 433) this court held that the grouping of inheritance taxes together with funeral and administration expenses ordinarily payable from the residuary estate imported an intention that estate taxes be paid from the same source. It appearing therein that the payment of the principal amount would exhaust the residuary estate, this court held in effect that the residuary estate must first be employed for the payment of debts, claims, administra-

tion expenses and taxes, and that any deficiency be exacted from the property which would have been the subject of a specific bequest under article "Seventh " of the will.

The direction as to the source of payment of " all inheritance, estate, transfer and succession taxes " specifically extends also to " other governmental charges, taxes, or liens imposed ". As a matter of statutory construction it has been held that penalty interest is not a part of the tax. (*Penrose* v. *United States,* 18 F. Supp. 413; *Matter of Harjes,* 170 Misc. 431; *Matter of Chambers,* 54 N. Y. S. 2d 88.) However, in ascertaining the intent of testator it is clear that the will contains a direction against apportionment with respect to penalty interest on the tax as well as with respect to the tax. (See *Matter of Kingsley,* 194 Misc. 590.) Penalty interest on an estate tax is both a governmental charge as well as a lien imposed against the estate to the same extent as is the principal amount of the tax. Moreover, the last sentence of the above-quoted paragraph of the will groups funeral and administration expenses with estate taxes and estate taxes with " other governmental charges, taxes or liens ". The testator therein specifically directed that " all such charges, taxes and liens be considered and treated as expenses and costs of administering " his estate and that they be paid out of his estate before distribution if possible. As to the source of payment of such taxes and interest as between principal and income, under the accepted rules of abatement, the residuary estate, income as well as principal, must first be employed. Any deficiency in the amount of such tax and penalty interest is to be paid from the principal of the assets the subject of the trust under article " Seventh ". If the testator's direction that all such charges, taxes and liens are to be treated as costs and expenses of administering his estate, is to be followed, penalty interest must be paid from principal. It is the general rule that administration expenses are payable from principal rather than income. (Surrogate's Ct. Act, § 222; *Matter of Chave,* 227 App. Div. 554; *Matter of Boyle,* 140 Misc. 523.) There is no apparent intent in the will that there should be any departure from this rule. The general provision in article " Ninth " that the beneficial interest in the McCormick-Patterson trust be held intact for as long a period of time as possible is insufficient to overcome the earlier expression of intent in article " First " that governmental charges and liens be treated as costs of administering the estate. Such a provision does not impose the entire burden of payment of penalty interest of the tax upon remaindermen.

From the date of its exaction from principal the income beneficiaries share in the burden to the extent of the diminution in income on the amount by which principal has been reduced.

The court determines that the direction against apportionment of taxes does not extend to taxes imposed upon the United States bonds payable on death to the son of decedent, or upon the amount paid to decedent's widow pursuant to a group annuity certificate, or upon the proceeds of the joint account in the names of decedent and his widow and payable to the widow as the sole survivor. Under the circumstances, no part of the discount earned by prepayment of the State estate tax should be credited to income.

Settle decree accordingly.