Maximilian Moss, S.
Construction of testator’s will is required in connection with the provisions thereof respecting invasion of principal of trusts and payment of estate taxes.
Testator died on January 24, 1947 survived by his widow and two daughters. His will, executed on June 13, 1935, was admitted to probate on May 14, 1947 and letters testamentary were issued to the widow and the petitioner herein, who were named in the will as executors.
Under the provisions of paragraph “ First ” of the will, testator gave his tangible personal property outright to his widow. Under paragraph “ Second ”, testator gave his entire residuary estate in primary trust for the benefit of his widow for life, and in secondary trusts for the benefit of his daughters for their lives, with remainders to the respective descendants of the daughters. The widow and petitioner were named as trustees of the primary trust, and the two daughters and petitioner were named as trustees of the secondary trusts.
The widow died on June 10,1952. Thereafter petitioner continued to act as surviving executor and trustee of the primary trust. The secondary trusts for the two daughters are in existence. One of the daughters has three infant children and the other daughter has two infant children. These children are the contingent remaindermen of the secondary trusts of which their mothers are the income beneficiaries. Objections were filed by the learned special guardian in behalf of his wards who are the said five minor grandchildren of the testator. The filing of the objections impelled the surviving executor to ask for a construction of the will in the respects set forth in the first paragraph hereof.
*673 The court will first consider the matter of the invasion of trust principal in the payments to the widow. Under subdivision (b) of article Second the trustees were authorized to pay to the widow, and after her death to either of testator’s daughters, or to their guardian, such sums out of principal for the daughters’ education as to the trustees may seem proper upon certification that the money is to be used for the daughters’ education. Under subdivision (c) of the same article, the testator authorized the trustees “ to pay any life beneficiary at any time * * * such additional * # * sums of money out of the principal of the * * * trust hereunder for such life beneficiary as to my trustees may seem proper ”. The testator then stated that in creating the trusts for his wife and daughters he was actuated by a desire to see them properly provided for, “ there being no intention on my part in adopting this testamentary plan to conserve the principal for the benefit of the remaindermen ”. He further stated that the exercised judgment of the trustees shall be binding upon all persons claiming thereunder.
The primary trust for testator’s widow during its existence and until her death on June 10,1952, had net earnings amounting only to $703.43. No principal payments were made therefrom for the daughters’ education but payments of $9,808.48 were made to the widow for her support and maintenance, under the provisions of subdivision (c). The said principal payments have been challenged upon the ground that provisions of subdivisions (b) and (c) are repugnant to each other and therefore as subdivision (b) describes specifically the purposes for which principal payments may be made, it controls. The court believes that the testator had in mind the education of his daughters but in addition thereto he also had in mind that his widow and daughters were to be “ properly provided for ”. Such purposes are not repugnant to each other, but are independent of each other and are to coexist with each other so long as the necessity therefor exists, and the will is so construed. The principal payments made to the testator’s widow were therefore in accord with the authority granted to the trustees and the objections to said payments are dismissed.
The court will next consider the objections interposed by the learned special guardian to the payment out of the residuary estate of all Federal and New York estate taxes. This requires a construction of paragraph " Seventh ’ ’ of the will, which is set forth in full as follows:
‘ ‘ Seventh : I direct that any and all estate, succession, transfer, legacy and other taxes commonly known as Inheritance *674 Taxes assessed upon my estate or any portion thereof or upon any legacy or devise provided for in this my Will, except such taxes imposed by governments other than the United States of America or a State or Political subdivision thereof, shall be paid by my Executors as an expense of administration and no legatee or devisee' (including life beneficiaries and remainder-men in trust funds or other property) shall be required to reimburse my Executors for the payment of any such tax in his or her behalf, nor shall any legacy or devise or the share of any such legatee or devisee, other than residuary legacies and the shares of residuary legatees, be diminished by the imposition, assessment or payment of any such tax; provided, however, if any such tax upon any interest in any trust fund shall not be finally determinable as of the date of my death but shall be contingently assessed so that the amount thereof may depend upon the happening of events after the date of my death, the whole amount of any such tax so contingently assessed, whether upon the interest of a life beneficiary or an interest in remainder, shall be paid from the principal of the trust fund to which such interest shall relate and in case a deposit of cash, securities or other property to secure the payment of the tax shall be required, such deposit shall be made from, and, for all the purposes of this my Will, shall be considered as part of such principal, and the income from such deposit, if any, shall be received and disposed of by my Trustee as income of such fund. ’ ’
With proper regard for Matter of Pepper (307 N. Y. 242, 246) and using some of its language, the court finds that the will contains “ a clear and unambiguous direction against apportionment of taxes as prescribed by section 124 of the Decedent Estate Law”.
Exclusive of taxes imposed by governments other than the United States of America, the direction in the will against apportionment by its very language relates to any and all taxes “ assessed ” upon the estate or any portion thereof; and it is well known that taxes upon an estate are ‘ ‘ assessed ’ ’ on the basis of the whole taxable estate including nontestamentary assets or transfers. The testator intended just that, namely, whatever was “ assessed ” against the estate was to be paid out of the estate. Any contrary holding by the court would require it to disregard the word “ assessed ”, which would be violative of the rule of statutory construction.
In connection therewith, it should be noted that the direction against apportionment related not only to taxes “ assessed ” upon the estate, but also in the disjunctive “ upon any legacy *675 or devise provided for in this my Will.” If only legacies and devises '‘ in this my Will’ were to be exempt from apportionment, then the preceding direction of exemption from apportionment with respect to taxes “ assessed upon my estate ” would not have been necessary. In addition, as if to make certain that any and all manner of taxes ‘ ‘ assessed ’ ’ upon the estate were to be paid out of the estate, testator added the catch-all words “ and other taxes * * * assessed upon my estate ” after well-known nomenclature such as “estate”, “ succession ”, “transfer”, and “legacy” taxes. We should not require a testator to be more embracive than “ any other taxes ”.
The adjudicated cases show some parallel situations.
In Matter of Haliday (184 Misc. 668, 671) Surrogate Foley exonerated certain nontestamentary assets from estate tax apportionment, stating: “ That the testatrix intended that there should be no proration of any taxes is confirmed by her use of the disjunctive ' or ’ in the quoted provision directing the payment of taxes. She thus clearly distinguished between taxes upon nontestamentary forms of transfers and general legacies under her will. She had in mind two kinds of inheritance and succession taxes — those ‘ payable by my estate ’ and those payable ‘ on account of any legacy herein ’. Necessarily any taxes payable by her estate included taxes assessed on all forms of transfers within the gross taxable estate fixed by the taxing authorities. Therefore the taxes paid upon the proceeds of the savings bank accounts, standing in the name of the testatrix in trust for Bryant A. Haliday, Jr., her grandson, are a proper charge on her residuary estate.”
In Matter of Higgins (99 N. Y. S. 2d 463, 464) the following testamentary provision was held to free nontestamentary assets from estate tax apportionment: “ I direct my Executors out of my general estate to pay and discharge all legacy, succession, inheritance or transfer taxes which may be assessed upon my estate or any part thereof, or upon the property or legacies or annuities given by this my Will, and that all such legacy, succession, inheritance and transfer taxes shall be paid out of my general estate and not out of any legacy given by this my Will, all legacies and annuities being free and clear of all such taxes.” In so holding, Surrogate Collins said (p. 464): “ The court holds that the language of paragraph Eleventh constitutes an express stipulation against apportionment under the terms of Section 124 of the Decedent Estate Law. The use of the disjunctive word * or ’ clearly indicates testator’s purpose to free the recipients of both the testamentary and non-testamentary benefits from the payment of any federal and state estate taxes. *676 The broad mandate of that paragraph requires that all such taxes must be paid out of the residuary estate. ’ ’
In Matter of Kingsley (194 Misc. 590, 591) the will contained the following direction against apportionment of estate taxes: ' ‘ I direct that all succession and inheritance taxes or charges of any nature whatsoever upon my estate, or upon each and every legacy and devise contained in my will and all codicils made or to be made thereto shall be paid out of my residuary estate.” Surrogate Griffiths held that this direction applied to nontestamentary as well as testamentary assets. He said (p. 592): “ It is to be noted that the testator first characterized the taxes that he contemplated might be imposed as ‘ succession and inheritance taxes ’. That he did not rely upon the technical meaning of ' inheritance ’ or ‘ succession ’ taxes is shown by the fact that there follows the designated taxes the disjunctive word ‘ or ’ and the phrase ‘ charges of any nature whatsoever upon my estate ’. The separation of this phrase from the enumeration of the testamentary benefits by the word ‘ or ’ indicated that the testator intended to make a distinction between the taxes that might be imposed upon the legacies and devises contained in his will and those taxes embraced in the preceding phrase. If he intended to confine the directive to taxes upon testamentary benefits, there would have been no occasion to add ‘ or other charges of any nature whatsoever.’ The court concludes that the provisions of article ' Ten ’ of the will constitute a direction against apportionment of all estate taxes, Federal and State, with respect to the inter vivos transfer as well as property passing under the will.”
In Matter of Aldrich (259 App. Div. 162, 163) the will in question provided: “ Seventeenth. I hereby order and direct that all legacy transfer inheritance succession or estate taxes which may be assessed or imposed upon any of the gifts legacies devises or provisions contained in this my Will or upon my Estate shall be paid by my Executors out of and charged against the principal of my residuary estate as an expense of administration.” The Appellate Division, in refusing, under this provision, to apportion estate taxes to certain inter vivos trusts which were included in the testator’s taxable estate, said (p. 164): “It is reasonably clear that the intention of the testator in using the words ‘ or upon my Estate ’ in paragraph ‘ Seventeenth ’ of the will, following the designation of various taxes, was that all taxes, including those assessed by reason of his relation to the trusts, should be paid out of the residuary estate; and we so hold.”
*677 In reaching the foregoing conclusion with respect to the tax question, the. court wishes to emphasize the statement of the testator contained in the will that his testamentary plan was actuated by a concern for his wife and two daughters and that he was not interested in conserving the principal for the benefit of the remaindermen.
Settle decree on notice.