Samuel Fails, S.
In this executors’ accounting proceeding the daughter, a residuary legatee, has interposed an objection to the personal claim interposed by the son, the other residuary legatee, one of the. accountants, for money advanced to pay a Federal tax deficiency.
A determination of said objection requires a consideration of Paragraph “ eighth ” of the will, which reads as follows: ‘ ‘ eighth : I direct that all transfer, succession or inheritance taxes upon my estate or any portion thereof or upon any legacy or devise hereunder, be a charge upon and be paid from my residuary estate.”
The testatrix died April 16,1952, leaving a will dated May 21, 1949 which was admitted to probate and letters testamentary issued thereon on May 7, 1952. Decedent’s son and daughter are named as the residuary legatees.
On May 24, 1950 testatrix deeded to her said son the homestead, which was appraised for $38,000 in the tax proceeding and the tax thereon paid. Also included for tax purposes were certain lots transferred by decedent to her daughter valued at $4,000. No objections seem to have been interposed by the daughter to the tax proceeding. On the audit of the Federal Government, the value of the homestead property was increased to $100,200, the said lots were increased to $4,500, and other real property increased by $13,270, resulting in an additional estate tax, including penalties, of $25,214.89. As all but $3,488.65 of the estate had been distributed prior to the final audit, demand for tax contribution was made upon the daughter, *986 but to no avail. Therefore, to avoid additional penalties the said son advanced the amount of the increased taxes.
Testimony by the attorney for the decedent indicated that decedent in early 1950 consulted him for the purpose of drawing a new will so as to specifically devise the homestead property to the said son. By reason of testatrix’ condition at that time, and in order to . prevent the possibility of a will contest, the witness recommended to decedent transfer of the said property by deed which was eventually done. A gift tax was paid thereupon. Thereafter it was ruled that said transfer was in contemplation of death and therefore includible in the estate for tax purposes. From the action taken by testatrix, it can be said that she did not intend the gift to be reduced by a payment for taxes.
Section 124 of the Decedent Estate Law provides for apportionment of estate taxes “ except in a case where a testator otherwise directs in his will ”, To support her contention that testatrix did not “otherwise direct” in her will relative to the inter vivos transfers, the daughter relies most strongly on the leading ease Matter of Mills (189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012) from which the pertinent language of the will is here quoted (pp. 137-138) : “ I direct that all estate, inheritance, transfer and succession taxes imposed upon my estate or any part thereof, or the transfer thereof or any right of succession thereto, be paid out of my general estate. ’ ’
Despite the similarity in the language of the two quoted sections, this court hereinafter distinguishes Matter of Mills (supra). The court in Matter of Mills (supra, p. 233) in determining what testator meant by the phrase “ my estate ” stated ‘ ‘ Elsewhere throughout the will testator used the words ‘ my estate ’ a great number of times and in every instance he referred only to his true or testamentary estate ”. In that respect, we are not confronted with the similar situation here.
The matter of intention is to be determined in each case upon a consideration of the language used in the light of the surrounding circumstances. (Matter of Halle, 270 App. Div. 619.) Not only did testatrix use the phrase “ my estate ” as in Matter of Mills (supra) but went on to add “ or upon any legacy or devise hereunder ”, which language or its equivalent is not so found in Matter of Mills (supra). Unless the phrase “my estate ” necessarily embraces nontestamentary assets, its use would be mere surplusage when used together with “ legacy or devise hereunder ”, which necessarily embraces testamentary assets. Further. support for holding that testatrix intended *987 there should be no proration of any taxes is confirmed by her use of the disjunctive “or ” in Paragraph “ eighth ” of the will. (Matter of Holiday, 184 Misc. 668.) She had in mind two kinds of taxes, those payable “ upon my estate ” and those payable “ upon any legacy or devise hereunder ”. Necessarily, any taxes payable by her estate included taxes assessed on all forms of transfers within the gross taxable estate fixed by the taxing authorities. The court finds the language used by testatrix is similar to the language used by the courts in Matter of Kingsley (194 Misc. 590) and Matter of Aldrich (259 App. Div. 162) wherein the courts held that estate taxes were not to be prorated.
Accordingly, therefore, the court determines that testatrix intended all estate taxes imposed upon the testamentary as well as the nohtestamentary assets were to be paid out of the residuary estate. Decedent’s daughter is directed to reimburse the estate to the extent of one half of the amount advanced for payment of the additional taxes and to the extent thereof, the said claim of the son is allowed.
Settle decree.