John J. Dillon, S. In this independent construction proceeding, the executors have requested the court to determine whether the direction against apportionment of estate taxes contained in article “ eighth ” of the will (infra) extends to the taxes imposed on nontestamentary assets as well as to the taxes imposed on the assets passing under the residuary estate.
The testator died a resident of Westchester County on June 14, 1952 and his will dated July 24, 1951 was duly admitted to probate pursuant to a decree of this court dated July 24, 1952.
After directing the payment of debts, funeral and administration expenses, the testator bequeathed certain articles of personalty to his daughters and to a nephew and niece. Under articles “third” and “ fourth ”, the testator specifically devised his home together with all the furnishings and fixtures therein to his wife and also bequeathed to her the sum of $25,000. Under article “ fifth ” the testator devised and bequeathed his entire residuary estate to his trustees and directed them to divide such fund into three parts, one part consisting of 55% of the estate in trust for a period measured by the life of his wife, and the other two parts, each consisting of 22%% of the residuary estate, in trust for his two daughters, each of the latter trusts to terminate when the income beneficiary should attain the age of 35. In addition to the property passing under the will the testator left certain assets of a nontestamentary character. Article “ eighth ” of the will provides as follows: “I direct that any and all estate, inheritance, transfer, legacy, succession or similar taxes and duties, which may be assessed or levied by the United States, or any state or political subdivisions thereof, or any foreign state or country, upon, or upon the transfer of, my estate or any part thereof, or upon the legacies and devises herein provided, shall be paid out of my residuary estate and that no part thereof shall be charged against any legatees, devisee or beneficiary other than those receiving my residuary estate.”
*566 One of the daughters has interposed an answer in which she concedes that the taxes imposed upon the legacies and devises provided for in article ‘ ‘ second ’ ’ through 1 ‘ fourth ’ ’ are payable out of the residuary estate, but contends that the direction against apportionment of taxes does not extend to nontestamentary assets. The respondent further contends that the provisions of article “eighth” (supra) constitute a mandate against apportionment of taxes within the residuary estate and that therefore such taxes should be paid out of the residuary estate prior to its division into the respective funds. It is well settled that taxes imposed upon nontestamentary assets must be paid by the estate if the will contains a direction against apportionment of taxes which is couched in broad and all-inclusive terms. (Matter of Harbord, 197 Misc. 760, affd. 281 App. Div. 850; Matter of Kingsley, 194 Misc. 590; Matter of Fischer, 5 Misc 2d 984; Matter of John, 75 N. Y. S. 2d 693; Matter of Vanderbilt, 99 N. Y. 8. 2d 788.) The language employed by the testator in article “eighth” (supra) is a clear manifestation of the testator’s intention that the taxes imposed upon nontestamentary assets be paid out of his residuary estate. Accordingly, the court determines that the taxes imposed upon the nontestamentary assets as well as upon the assets passing under articles “ second ” through “ fourth ” of the will inclusive are payable out of the residuary estate.
The remaining issue raised by the respondent requires the court to determine whether the direction against apportionment of estate taxes extends to the taxes imposed on the property passing under the residuary estate or whether the trust created for the benefit of testator’s surviving widow shall receive the full benefit of the marital deduction in accordance with section 124 (subd. 3, par. [ii]) of the Decedent Estate Law which provides that “ any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent * * * shall inure to the benefit of the person bearing such relationship ”. If the taxes imposed upon the assets passing under the residuary estate are not apportioned, the widow will be deprived of the full benefit of the marital deduction and in effect the trust created for her benefit will be charged with the payment of a substantial share of the taxes imposed upon the trusts created for the benefit of testator’s two daughters. In Matter of Bayne (102 N. Y. 8. 2d 525, 528-529), this court held that a direction to pay taxes out of the residuary estate did not constitute a direction against apportionment of such taxes within the residuary estate; and said that61 although there is an implied direction against appor *567 tionment of estate taxes, there is neither an express nor implied direction in the will in favor or against the apportionment of such taxes as are imposed upon residuary gifts within the respective shares comprising the residuary estate ”. To the same effect, see Matter of Myers (7 Misc 2d 664); Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942) and Matter of Hoffman (138 N. Y. S. 2d 492). The court is satisfied that the language employed by the testator in article “ eighth ” (supra) does not furnish any basis for depriving the surviving widow of the full benefit of the marital deduction and accordingly determines that the taxes imposed upon the gifts passing under the residuary estate must be apportioned in accordance with the provisions of section 124 of the Decedent Estate Law.
Settle decree.