Joseph A. Cox, S.
The testatrix created a trust for the benefit of her husband in a principal amount equivalent to his intestate share with the trust remainder payable to a designated charity. The surviving husband renounced his interest in the estate within a reasonable time after the testatrix’ death. This was the husband’s privilege and the renunciation was effective (Albany Hosp. v. Albany Guardian Soc., 214 N. Y. 435; Matter of Suter, 207 Misc. 1002). Here we have none of the fact elements which existed in Matter of Wilson (298 N. Y. 398) and which caused the court in that case to hold a renunciation ineffective, although in that decision the right to renounce was recognized as one long established. In the Wilson case {supra) the court reiterated the concept that a renunciation dates back to the date of the decedent’s death-and “that it may then be said that there never was a legacy” (p. 403). Consequently, this renunciation of a right to income cannot be considered the equivalent of an assignment of income .and, in giving effect to such a renunciation, the decisions have not *972 regarded the statutory restriction upon the assignment of income (Personal Property Law, § 15) as being in anywise relevant (Matter of Matthiessen, 175 Misc. 466; Matter of Suter, supra). The effect of the renunciation is that the trust income for the term of the trust is payable to the charity which is named as trust remainderman (Real Property Law, § 63; Matter of Suter, supra; Matter of Matthiessen, supra; Matter of Hanna, 155 Misc. 833; Matter of Wolff, 11 Misc 2d 709). The decisions disposing of excess or surplus income of a trust intended by a testator to be established only in the amount necessary to produce a fixed annual income (cf. Matter of Vanderbilt, 134 Misc. 574; Matter of Kohler, 231 N. Y. 353, 355) have no relevancy to the existing facts and the objections contending that the renounced income is payable to the residuary legatees are dismissed.
It is held that the pieces of jewelry received in evidence as Borten Exhibits 1 and 2 are specific legacies payable under the will to the objectant Borten inasmuch as the court concludes that the descriptions of these articles in the will apply to the articles produced at the hearing. It is further found that there is substantial identity between the specific legacies to the objectants Miller and Clark and the articles of jewelry claimed by these objectants. Upon their consents this jewelry will be delivered to them jointly.
It having been agreed that the reference in the will to Dr. Simon L. Ruskin Foundation was intended to describe Ruskin Research Foundation, Inc., such interpretation will be given to the will.
The foregoing rulings dispose of certain objections to the account. Objection to the funeral bill was dismissed at the hearing and the remaining objections have been withdrawn upon terms placed upon the record.
Submit decree on notice settling the account.