Maximilian Moss, S.
Petitioner seeks a construction of article ‘ ‘ seventh ’ ’ of the will to determine whether estate taxes are to be apportioned among the residuary legatees named in article “sixth” of the will, one of whom is a religious corporation. By the terms of the latter article, after a bequest of $5,000 is made to a named cousin, one third is bequeathed to petitioner for its use in the manner therein indicated, and the remaining two thirds to two named issue of a cousin. Article “ seventh ” provided that all gifts made are to be “ paid and delivered to * * * the donees and the trustee free from any and all estate * * * taxes * * * and that such taxes shall be * * * paid by the Executor as an expense of administration out of the remaining one-half of my residuary estate as described in Paragraph sixth * * * so that no part of said tax shall be paid out of the portion of my residuary estate representing the trust for my * * * wife set forth in Paragraph fifth herein.”
*276 In construing a will, all words should be given effect and all parts harmoniously fused (Matter of Buechner, 226 N. Y. 440, 444). Mindful of that canon of construction, the ‘ ‘ seventh ’ ’ article should be read as a connected whole. It would be thwarting the expressed intention of the testator to construe phrases of this paragraph separately and without regard to the clear and concise directions in the rest of the paragraph. Were effect to be given alone to the lines exonerating the widow from tax payments as contended, the remaining portions of the said paragraph would be disregarded as a nullity. A conclusion so arrived at would be violative of accepted rules of construction (1 Davids, New York Law of Wills, § 458). The indicia of intention are apparent; namely, the command to pay all taxes on each gift, the direction that the executor pay such taxes as administration charges; and an expression that prior gift to the wife be absolved from tax payment. The testator effectively has “otherwise directed” that estate taxes be deducted and paid out of the residuary gift under article “sixth” so that the dispositive provisions apply only to the net residuary estate remaining after such payments or deductions (Matter of Cromwell, 199 Misc. 143, affd. no opinion 278 App. Div. 649, affd. no opinion 303 N. Y. 681; Matter of Hund, 266 App. Div. 379; Matter of James, 180 Misc. 441, 443, affd. no opinion 267 App. Div. 761; Matter of Herz, 203 Misc. 1077).
The court holds that the residuary gift provided under article ‘ ‘ sixth ’ ’ of the will is to be computed after the discharge as an administration expense of estate taxes. Settle decree on notice.