Joseph A. Cox, S.
The executors have filed their intermediate accounting and seek instructions as to the apportionment of estate taxes. The testator died on November 22, 1956. Letters testamentary were issued to his surviving spouse and a trust company.
In clause First of his will, dated October 5, 1950, the testator bequeathed certain personal property and effects to his wife. He created a trust of one half of his residuary estate for the benefit of his wife by clause Second of his will and gave her the power to appoint the trust principal. She also was given authority to withdraw any portion of the corpus from time to time. Any portion over which she does not exercise the power of appointment will go to testator’s children and the issue of any deceased child. In clause Third of his will the testator established a trust of the other half of the residue for the benefit of his wife and directed that, upon her death, a certain sum of money be paid from the principal to a college and the balance be divided into as many parts as there are children of the decedent then surviving and the issue of any deceased child. The will provides that the issue of a deceased child be paid outright and the shares of surviving children be continued in further trusts.
The question as to estate tax apportionment arises under clause Fifth of the will which reads: ‘1 It is my will that the bequest provided for under Clause First hereof shall be free from any deduction for Inheritance or Estate Tax; and I there *254 fore direct that any and all Inheritance and Estate Taxes on my estate shall be paid by the Executors out of the rest, residue and remainder thereof.”
The bequests to the widow under clause First of the will, the principal amount bequeathed in trust under clause Second of the will and nontestamentary bequests received by the widow have a total valuation, before tax allocation, which is less than the maximum allowable marital deduction. For such reason, clause Fifth, insofar as it was intended to exonerate the bequests under clause First from a tax burden, is really without operative effect. Had the bequests under clause First been included in the taxable estate, clause Fifth would have operated to impose upon the residuary estate the amount of tax otherwise allocable to such bequests.
The question presented by the petition is whether the trust created by clause Second, which qualifies for the marital deduction, should be reduced by the allocation against it of a share of the estate tax attributable to the entire residuary estate. This question was considered in Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942) where the effect of a testamentary tax provision imposing estate taxes upon the residuary estate created the issue before the court. While the language of such tax provision was not in the precise text appearing in the will before the court, any differences in wording are inconsequential and the intentions expressed as well as the legal import of the testamentary provisions are the same. Accordingly, it is held that estate taxes are to be apportioned in a manner to exonerate the interest qualifying for the marital deduction from any contribution to such taxes.