Joseph A. Cox, S.
In this proceeding to settle the first intermediate account of executors the court has been asked to determine (1) whether certain charitable bequests to legatees which are branches or auxiliaries of charitable corporations are valid; (2) the legal effect of the renunciation by the testatrix’ daughter of the legacy in trust provided for her under the Fifteenth article of the will; and (3), whether the will contains a direction against apportionment of estate tax sufficient to exempt the inter vivos trust property passing to the decedent’s daughter from liability in respect of the tax.
In article Eighth of her will the testatrix made certain bequests to charitable organizations which are branches or auxil *400 iaries of parent charitable bodies. The auxiliary organizations are themselves legally incapable of receiving the gifts. The bequests are made without qualification and the identity of the charities and the intended charitable use of the gift are not in question. It is directed that such bequests be paid to the parent charitable organizations for the use and benefit of the designated affiliates (Kernochan v. Farmers’ Loan & Trust Co., 187 App. Div. 668; Matter of Rathbone, 170 Misc. 1030; Personal Property Law, § 12; Real Property Law, § 113).
Article Fifteenth of the testatrix’ will provides that the residuary estate be placed in trust with the income thereof payable to the testatrix’ daughter during her lifetime. Upon the daughter’s death the trust principal is directed to be paid to her then living lineal descendants, per stirpes, and, if there should be no living descendant, the trust remainder be paid in 28 equal shares to charities designated by the testatrix in prior paragraphs of the will. The pertinent provision of the' will reads: “ Should my said daughter survive me and renounce by written instrument directed to my Trustees the benefits under this clause of my Will, and at the time of such renunciation have no lineal issue, then I give, bequeath and devise the said fund as then constituted (including accumulated income) in equal shares (one twenty-eighth each) to the respective legatees described in said clauses fifth, sixth, seventh, eighth, ninth and tenth of this my Will and I direct that my said Trustees transfer, deliver and pay over the said fund to them (one twenty-eighth each) accordingly. ’ ’
Less than five months after her mother’s death the daughter delivered to the designated executors and trustees a letter which was later supplemented by a more formal document in which she stated that she had no descendant or lineal issue and renounced in clear and unequivocal language all rights and benefits which she and her possible unborn issue had or might have under article Fifteenth and the first paragraph of article Third of the will. No question is raised as to the renunciation of the personal property bequeathed to her under article Third.
The right pf the decedent’s daughter to make the renunciation cannot be questioned and its validity and effectiveness must be sustained (Albany Hosp. v. Albany Guardian Soc., 214 N. Y. 435; Matter of Wolff, 11 Misc 2d 709; Matter of Suter, 207 Misc. 1002; Matter of Roe, 18 Misc 2d 970). The authorities cited in support of a contention that the act of the decedent’s daughter in renouncing the provisions for her benefit was ineffective to cut off the rights of possible unborn issue are not in point. This will contained no bequest subject to a condition, the performance *401 or nonperformance of which would affect the rights of infant legatees. The bequest of income to the daughter was without limitation and did not require compliance with any condition. The testatrix in clear and unambiguous language provided for an eventuality which she suspected might occur and which in fact has occurred.
Unlike the Wolff, Suter and Roe cases cited (supra), where the wills did not contemplate a renunciation, this testatrix anticipated a renunciation and provided for a gift over in such event. It was the testatrix’ clearly expressed intent that the trust be terminated if, at the time the renunciation was made, her daughter had no living lineal descendant. The testatrix had the absolute power to terminate the trust upon the happening of any eventuality provided that the term of the trust did not involve an unlawful suspension. The provisions for a gift over in the event of a renunciation had the effect of terminating the trust as of the date of the testatrix’ death (Albany Hosp. v. Albany Guardian Soc., supra; Matter of Roe, supra). As the Court of Appeals reaffirmed in Matter of Wilson (298 N. Y. 398, 403), “ the renunciation relates back to the date of death and that it may then be said that there never was a legacy ”. The alternative bequest of the residuary estate to the designated charities took effect immediately, vesting in the charities upon the decedent’s death.
The renunciation was effective as to all property which properly would be allocable to the residuary trust had the renunciation not been made. The gift by the testatrix was of her entire residuary estate and the fiduciaries administering the estate could not control the size of the residuary estate by either diligence or delay in setting up the residuary trust (Matter of Miller, 161 N. Y. 71, 77). The fiduciaries were only conduits for the passage of the funds to those persons and organizations designated by the testatrix as recipients of her largess.
Article Second of the decedent’s will reads as follows: “ I direct that all inheritance, estate, transfer, succession, legacy and other similar taxes imposed upon or with respect to my estate or transfers under this my Will be paid out of my general estate as an expense of the administration thereof and that there shall be no proration of such taxes.”
The quoted language is broad enough to encompass all estate taxes upon the decedent’s estate including taxes which might be levied in respect of inter vivos trust property includable in the taxable estate. The words employed in the will indicate that the testatrix was cognizant of the fact that taxes could be imposed in respect of benefits which would not constitute ‘1 trans *402 fers ’ ’ under the will and her stated purpose was to dispense with any tax apportionment (Matter of Zuckerman, 3 Misc 2d 671, affd. 4 A D 2d 963; Matter of Holiday, 184 Misc. 668; Matter of Higgins, 99 N. Y. S. 2d 463; Matter of Kingsley, 194 Misc. 590; Matter of Aldrich, 259 App. Div. 162; Matter of Singer, N. Y. L. J., May 16, 1963, p. 16, col. 2). In the cited cases the courts held that the use of the disjunctive word “ or ”, as used by this testatrix, indicated a clear intent to exempt both testamentary and nontestamentary benefits from liability for estate taxes.