Pierson R. Hildreth, S.
This is a proceeding by the executors to determine whether the share of decedent’s estate given to his surviving spouse under his will is exonerated from allocation of estate taxes pursuant to statutory direction or statutory mandate under the will.
Under the will the surviving spouse is given, by paragraph Eighth, a preresiduary bequest of “an amount equal to one-third (%) of my estate, inclusive of any previous bequests to her, outright and forever.” The residuary estate, by paragraph Ninth, is left in trust to be divided into two shares, one for each of two of decedent’s children, with income paid each until age 30 and principal partially distributed at age 21, at age 25, and balance at age 30.
For both New York and Federal estate tax purposes a marital deduction is allowed for any interest passing to the surviving spouse in an amount not exceeding 50% of the adjusted gross estate. The adjusted gross estate is stated to be $199,014.15, and the total of bequests to the spouse are stated to be $69,624.17. The interests passing to the surviving spouse are thus less than a maximum marital deduction.
By EPTL 2-1.8 (subd. [a]), the estate taxes, “ except in a case where a testator otherwise directs in his will”, must be apportioned among the persons interested in the gross tax estate. The tax is apportioned “ among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited ”. (EPTL 2-1.8, subd. [c], par. [1].) Paragraph (2) of subdivision (c) provides that “ Any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent * * # shall inure to the benefit of the person bearing such relationship ’ ’.
Thus by statute the estate taxes are apportioned unless the will otherwise directs, but any exemption or deduction by reason of relationship to decedent inures to the benefit of the person *821 bearing such relationship. The surviving spouse is entitled to the benefit of the marital deduction. Assuming that apportionment is required, no part of the estate taxes can be apportioned against any part of the interest received by the spouse which qualifies for the marital deduction. In this case her interest is less than the maximum marital deduction and thus her entire interest qualifies and is exonerated from any apportionment.
A direction against apportionment must be clear and the burden is on those who contend against apportionment. (Matter of Pepper, 307 N. Y. 242.) In paragraph First of his will testator directed that his debts, funeral expenses and “ inheritance taxes ” be paid as soon after death as practicable. All parties take the position that this inclusion of taxes in the clause providing for payment of debts does not constitute a direction against apportionment. The court concurs that, in the context of this will, there is no sufficiently clear direction against apportionment. In some instances, depending upon context, such a direction has been held to signify an intention that taxes be paid from the same source, namely the general or residuary estate, as the debts and funeral expenses. (See Matter of Moritz, 48 Misc 2d 323; Matter of James, 180 Misc. 441, affd. 267 App. Div. 761, mot. for lv. to app. den. 267 App. Div. 820; Matter of Herz, 203 Misc. 1077.)
For apportionment of estate tax, the amounts allowed as a marital deduction are treated in the same manner as charitable bequests. (Matter of Wolf, 204 Misc. 356, affd. 282 App. Div. 1018,. affd. 307 N. Y. 280.) Charitable legacies are deducted in ascertaining the taxable estate and are relieved from apportionment of tax. (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707.) Likewise, to the extent the interest of a spouse qualifies for her marital deduction it is relieved from bearing any part of apportionment of tax. (Matter of Atwood, 33 Misc 2d 253; Matter of Smithers, 15 Misc 2d 701; Matter of Myers, 7 Misc 2d 664.) Where estate taxes are payable from the residuary estate, part of which passes to a spouse, the spouse is relieved of apportionment of tax to the extent that the interest of the spouse in the residuary estate qualifies for the marital deduction. (Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. 867, mot. for lv. to app. den. 285 App. Div. 943, affd. 309 N. Y. 942.)
In this case, since the entire share of decedent’s estate given the surviving spouse qualified for a marital deduction, the spouse is relieved from any apportionment of estate taxes and no part of the taxes may be charged against her share.