■ In the Matter of the Estate of NATHAN KAPLAN, Deceased. MIRIAM KAPLAN, Appellant-Respondent; ROBERT KAPLAN et al., Respondents-Appellants.—In a proceeding to settle the executrix's account, (1) the executrix

(widow of the testator) appeals from a decree of the Surrogate's Court, Queens County, dated October 21, 1974, which, after a nonjury trial, *inter alia,* (a) adjudged that a certain Cadillac and $78,825.55 cash and the interest earned thereon were assets and working capital of the testator's unincorporated business, which business was bequeathed to objectant Robert Kaplan, (b) deducted a portion of the estate taxes from the widow's share of the estate (as per Exhibit A annexed to the decree), (c) reduced her counsel fee to $10,000, plus $350.85 disbursements and (d) computed her commission as executrix at $6,297.19, and (2) the objectants cross-appeal from stated portions of the same decree. Decree modified, on the law and the facts, by (1) deleting therefrom the first and second decretal paragraphs (which adjudged that the Cadillac and the $78,825.55 cash, plus interest, were assets of the testator's unincorporated business), (2) adding thereto provisions adjudging that the Cadillac was bequeathed to the widow under paragraph FOURTH of the will and that said cash, plus interest, are part of the residuary estate and (3) amending Exhibit A annexed to the decree so that no part of the estate taxes shall be deducted from the widow's share of the estate. As so modified, decree affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate, and proceeding remanded to the Surrogate's Court, Queens County, for the entry of an appropriate amended decree in accordance herewith, which amended decree shall allow the executrix an additional commission based upon the addition to the residuary estate. Paragraph FOURTH of the will clearly and expressly gives the automobile to the widow and nothing in the remainder of the will or in the evidence before the Surrogate shows a clear and decisive intent by the testator to take away or cut down this testamentary gift (cf. 7 Warren's Heaton, Surrogates' Courts [6th ed], p 154). Since the gross property passing to the widow was less than half the adjusted gross estate, she is relieved of any apportionment of tax in view of the fact that the will provides that all estate taxes are to be paid out of the residuary estate (cf. EPTL 2-1.8, subd [c], pars [1], [2]; *Matter of Tropp,* 67 Misc 2d 819, 821). Exhibit A annexed to the decree, which was prepared by the objectants' counsel, improperly apportions the estate taxes against the widow's residuary share. She is entitled to receive a full one third of the residuary estate free and clear of any diminution by apportioning estate taxes against her share (cf. *Persky v Bank of America Nat. Assn.,* 261 NY 212, 219). The decree and Exhibit A should be modified to reflect this and the widow's surcharge should be reduced accordingly. On the record on this appeal, the Surrogate improperly found that the $78,825.55 in cash, plus the interest earned thereon, were part of the assets and working capital of the testator's unincorporated business. This money belongs in the residuary estate. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.