The People of the State of New York ex rel. The Village of Kinderhook, Respondent, *v.* The Board of Supervisors of Columbia County, Appellant.

*Assessment of bank stock — villages and school districts are " tax districts" for the purpose of the distribution of the tax — mandamus to compel the supervisors to so distribute it — effect of the failure of the clerks of villages and school districts to report their rate of tax.*

By section 24 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901, chap. 550, and by Laws of 1902, chap 126, and by Laws of 1903, chap. 267), prescribing the manner and rate of assessing bank stock for the purposes of taxation, it was the intention of the Legislature to distribute the taxes realized from bank stock among all the municipalities and districts theretofore

entitled to assess such stock for the purposes of taxation, and the definition of a tax district contained in subdivision 1 of section 2 of the Tax Law, to wit, " ' Tax district' as used in this chapter means a political subdivision of the State having a board of assessors authorized to assess property therein for State and county taxes," does not apply in the interpretation of said section 24 as so amended.

Villages and school districts are tax districts within the meaning of said section 24 as amended, and are entitled to share in the taxes levied upon bank stock, although they do not have a board of assessors authorized to assess property therein for State and county taxes.

The duty of the board of supervisors of a county to ascertain the tax rates of a village and school district within said county which are entitled to share in the bank stock tax, and to apportion to such village and school district its share of the bank stock tax, is not dependent upon the performance by the clerks of said village and school district of the duty, imposed upon them by the provision added to section 24 of the Tax Law by chapter 126 of the Laws of 1902, of reporting to the board of supervisors the tax rate of their respective tax districts, nor, if the board of supervisors of the county neglect to make the prescribed apportionment of the bank tax to the village and school district, is the making of such reports by the clerks of the village and school district respectively a condition precedent to the granting of a writ of mandamus commanding the board of supervisors to make such apportionment.

APPEAL by the defendant, The Board of Supervisors of Columbia County, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Columbia on the 1st day of March, 1905, granting the relator's motion for a peremptory writ of mandamus.

The town of Kinderhook is a municipal corporation within the county of Columbia and a political subdivision of the State, having a board of assessors authorized to assess property therein for State and county taxes. The village of Kinderhook is a municipal corporation wholly within the town of Kinderhook and its board of trustees is authorized and directed to assess property therein for village but not for State and county taxes.

Union free school district No. 1 of the town of Kinderhook is partly within the town of Kinderhook and partly within the town of Stuyvesant, in said county, and its board of education is authorized and directed to assess property therein for school but not for State and county taxes. A duly incorporated national bank named " The National Union Bank of Kinderhook " is located in said town of Kinderhook and within the boundaries of said village and said

school district. The stock of said bank was duly assessed in the year 1904 by the assessors of the town of Kinderhook. The board of supervisors of the county of Columbia met in annual session in November, 1904, and remained in session until January 5, 1905, when they adjourned without day. Said board of supervisors levied the tax of one per cent upon said bank stock and a warrant or order was signed by its chairman and clerk directing its collection by the county treasurer, and further directing that it be paid to the supervisor of the town of Kinderhook. The amount of said tax was $2,942.89, and the same has been paid by said bank to said county treasurer.

Neither the clerk of said village, nor of said school district, reported to said board of supervisors the tax rate of said village or school district respectively. Said board of supervisors did not ascertain the tax rate of said village and school district or ascertain and determine the proportion of the tax upon said bank stock to which said village and school district are respectively entitled.

An application was made by the relator for a writ of mandamus directing said board of supervisors to " reconvene and ascertain the tax rate of each of the several town, city, village, school, and other tax districts in said county in which the shares of stock of banks and banking associations were taxable for and during the year 1904, and the proportion of the tax on bank stock levied and assessed for the year 1904, to which each of said districts is respectively entitled, and particularly to ascertain the tax rate of the town of Kinderhook, the village of Kinderhook, and Union free school district No. 1 of the town of Kinderhook for the year 1904, and the proportion of the tax levied and assessed on the shares of the stock of The National Union Bank of Kinderhook, N. Y., for the year 1904, to which each of said districts is respectively entitled and to issue its warrant or order in the form required and provided by law, to the county treasurer of said county, setting forth the number of shares of bank stock taxable in each town, village, school and other tax district in said county in which shares of stock of banks were taxable for the year 1904, the tax rate of each of said tax districts for said year, the proportion of the tax for the year 1904 upon the shares of stock of banks to which each of said tax districts is entitled,

and particularly setting forth the number of the shares of stock of The National Union Bank of Kinderhook, N. Y., the tax rate of each said town of Kinderhook, said village of Kinderhook and Union free school district No. 1 of the town of Kinderhook for the year 1904, the portion or proportion of the tax on the shares of the stock of said The National Union Bank of Kinderhook, N. Y., to which each said town of Kinderhook, said village of Kinderhook and said Union free school district No. 1 of the town of Kinderhook is entitled, and directing and commanding the said county treasurer to collect the said tax upon the shares of stock of banks, and particularly the tax upon the shares of stock of The National Union Bank of Kinderhook, N. Y., for the year 1904, and to pay to the proper officer in each town, village and school district, the proportion of the tax levied and assessed upon the shares of stock of banks for the year 1904, to which each is entitled, under the provisions of the Tax Law, and particularly commanding him, said treasurer, to pay to the village of Kinderhook the proportion of the tax levied and assessed for the year 1904 on the shares of stock of The National Union Bank of Kinderhook to which the said village of Kinderhook is entitled, under the provisions of the Tax Law of the State of New York, to wit: Such proportion thereof as the tax rate of said village of Kinderhook for the year 1904 shall bear to the aggregate of the tax rates for the year 1904 of said town of Kinderhook, said village of Kinderhook and said Union free school district No. 1 of the town of Kinderhook."

An order was granted for said writ and from such order this appeal is taken.

*J. Rider Cady*, for the appellant.

*Frank S. Becker*, for the respondent.

CHASE, J.:

The Tax Law as first enacted (Laws of 1896, chap. 908, § 24) provided for the assessment and taxation of shares of bank stock at a rate not greater than that made or assessed upon other moneyed capital in the hands of individual citizens of the State, and allowed to each stockholder the deductions and exceptions allowed by law in assessing the value of other taxable property owned by individual citizens of the State. The manner and rate of assessing bank stock

was wholly changed by the amendment of said section 24 of the Tax Law, as found in chapter 550 of the Laws of 1901. Said section, as so amended, and as further amended by chapter 126 of the Laws of 1902 and chapter 267 of the Laws of 1903, provides that, in assessing the shares of stock of banks or banking associations, the value of each share thereof, except such as are in liquidation, shall be ascertained and fixed by adding together the amount of the capital stock, surplus and undivided profits of such bank or banking association and by dividing the result by the number of outstanding shares of such bank or banking association. And it further provides that the rate of tax upon the shares of stock of banks and banking associations shall be one per centum upon the value thereof as ascertained and fixed in the manner thereinbefore provided, and that the owners of such stock shall not be entitled to any deduction from the taxable value of their shares because of the personal indebtedness of such owners, or for any other reason whatsoever. And it further provides that said tax shall be in lieu of all other taxes whatsoever *for State, county or local purposes,* upon the said shares of stock, and the personal property held or owned by said banks or banking associations, the value of which enters into the value of said shares of stock, is also exempt from all *other State, county or local taxation.* And it also provides that the board of supervisors of the several counties shall, on or before the fifteenth day of December in each year, ascertain from an inspection of the assessment rolls in their respective counties, the number of shares of stock of banks and banking associations in *each town, city, village, school and other tax district* in their several counties respectively in which such shares of stock are taxable, the names of the banks issuing the same respectively and the assessed value of such shares as ascertained in the manner provided in said act and entered upon said assessment rolls. And it further provides that said board of supervisors shall forthwith mail to the president or cashier of each of said banks or banking associations a statement setting forth the amount of its capital stock, surplus and undivided profits, the number of outstanding shares thereof, the value of each share of stock taxable in said county as ascertained in the manner provided in the act, and the aggregate amount of tax to be collected and paid by such bank and banking association under the act. And a certified copy of each of

said statements is directed to be sent to the county treasurer. And it further provides that the tax thereby imposed *shall be distributed* in the following manner: "The board of supervisors of the several counties shall ascertain the tax rate of each of the several *town, city, village, school and other tax districts* in their counties respectively in which the shares of stock of banks and banking associations shall be taxable, which tax rates shall include the proportion of State and county taxes levied in such districts respectively for the year for which the tax is imposed, and the proportion of the tax on bank stock to which *each of said districts shall be respectively entitled* shall be ascertained by taking such proportion of the tax upon the shares of stock of banks and banking associations taxable in such districts respectively, under the provisions of this act, as the tax rate of such tax district shall bear to the aggregate tax rates of all the tax districts in which said shares of stock shall be taxable." It further provides that said board of supervisors shall issue their warrant or order to the county treasurer on or before the fifteenth day of December in each year, setting forth the number of shares of bank stock taxable in each *town, city, village, school and other tax district in said county in which said shares of stock shall be taxable,* the tax rate of each of said tax districts for said year, the proportion of the tax imposed by said act to which each of said tax districts is entitled under the provisions of said act, and commanding him to collect the same and to pay to the proper officer in each of such districts the proportion of such tax to which it is entitled under the provisions of said act.

By subdivision 1 of section 2 of the Tax Law, as first enacted (Laws of 1896, chap. 908), it is provided: "'Tax district' as used in this chapter means a political subdivision of the State having a board of assessors authorized to assess property therein for State and county taxes." Such subdivision of said section has never been changed, but the said amendments to the Tax Law relating to taxing bank stock are special provisions substituting a uniform and certain rate of tax upon bank stock in place of assessments thereon for State, county, town, village, school and other purposes, as previously provided. If the taxes from bank stock can only be paid to tax districts, as defined in subdivision 1 of said section 2 of the Tax Law, it will deprive villages and school districts of any part of

said tax and they will not receive anything in lieu of the taxes theretofore received by them from such stock.

A general provision or definition in a statute may be limited by other provisions therein, or a special provision in a statute may be wholly excepted from such general provision or definition if the limitation or exception is clearly expressed. Where statutes are expressed in plain language, the intention of the Legislature is conclusively shown by such language. It seems to us that the language of said section 24, as amended, shows clearly that it was the intention of the Legislature to distribute the taxes from bank stock among the municipalities and districts theretofore entitled to assess such stock for the purposes of taxation, and that the definition of a tax district, as contained in said subdivision 1 of said section 2, should not apply in the interpretation of said section 24 as so amended. An interpretation of a statute that tends to secure the rights of all persons affected by the legislation should be favored. By section 13 of said Tax Law it is expressly provided that bank stock shall be assessed to and taxed upon the stockholders in the tax district where the bank or banking association is located and not elsewhere, whether the said stockholders reside in said tax district or not. There is but one board of assessors authorized to assess property for State and county taxes in any given place, and if the words "tax district," as used in such section 24, as amended, are to be restricted to the district in which there is a board of assessors authorized to assess property therein for State and county taxes, there could be no distribution of the tax for but one tax district within such definition could ever include one and the same bank building. The tax district mentioned in said section 24, as amended, must necessarily refer to or include tax districts other than those having a board of assessors authorized to assess property therein for State and county taxes. In this case the taxes received from the bank stock should be distributed among the town, village and school district in the proportions stated in said section 24, as amended. Said section 24, as amended, also provides that the clerks of the several cities, villages and school districts, to which any portion of the tax on shares of bank stock is to be distributed under the act, shall in writing and under oath annually report to the board of supervisors of their respective counties, during the first

326  PEOPLE ex rel. NESMITH & C. CO. *v.* MILLER.

THIRD DEPARTMENT, MAY, 1905.  [Vol. 105.

week of the annual session of such board, the tax rate of such city, village and school district for the year prior to the meeting of each such board. This part of said section was added thereto by chapter 126 of the Laws of 1902 and re-enacted by chapter 267 of the Laws of 1903. While it was the duty of the clerks of the village of Kinderhook and of said school district to make a report, as in said section provided, the duty of the board of supervisors of Columbia county to ascertain said tax rates and fix and apportion said tax is not made dependent upon said clerks having performed their duties respectively. The filing of said reports by the clerks of said village and school district respectively was not, as against the village and school district, a condition precedent to the granting of the order appealed from.

We conclude that the order appealed from is right and that it should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.