In the Matter of LEETA BUTTON, Petitioner, against OLA B. SLATER et al., Constituting the Board of Elections of the County of Chenango, Respondents.

Supreme Court, Special Term, Madison County, August 7, 1950.

*James W. Honeywell* for petitioner.
*J. William Kepner* for respondents.

ZELLER, J.   A petition purporting to designate Dora Hosley, James W. Coleman, and Earl B. Clark, as candidates for the position of delegates to the Republican State Convention from Chenango County and Edward H. O'Connor, Jr., Frank Portelli, and J. Frederic Benedict, as candidates for the position of alternate delegates has been declared valid and sufficient by the respondents.

Petitioner and respondents agree that after deducting the invalid signatures from the 591 signatures affixed to said designating petition a total of 393 valid signatures remain.   Petitioner and respondents disagree as to the number of valid signatures required by section 136 of the Election Law which, insofar as pertinent to this problem reads:

" 2. A petition must be signed in ink by not less than five per centum, as determined by the preceding enrollment, of the enrolled voters of the party residing within the political unit in which the office or position is to be voted for, provided, however, that for the following public offices the number of signatures need not exceed the following limits: for any office to be filled by all the voters of the city of New York five thousand signatures; for any office to be filled by all the voters of any county * * * within the city of New York, two thousand five hundred signatures; for any office to be filled by all the voters of * * * any other county * * * containing more than two hundred fifty thousand inhabitants * * * one thousand signatures; * * * for any office to be filled by all the voters of any other county * * * containing more than twenty-five

thousand and not more than two hundred fifty thousand inhabitants * * * five hundred signatures; for any office to be filled in the city of New York by all the voters of any assembly district * * * three hundred fifty signatures; for any office to be filled by all the voters of any other county * * * or of any other assembly district * * * two hundred fifty signatures; * * *.

" The number of signatures on a petition to designate a candidate or candidates for the position of delegate or alternate to a state * * * convention * * * need not exceed the number required for a petition for member of assembly * * *."

Petitioner contends that member of assembly from Chenango County is an " office to be filled by all the voters of any other county * * * containing more than twenty-five thousand and not more than two hundred fifty thousand inhabitants " and that five hundred valid signatures are necessary to designate candidates. Respondents contend that member of assembly from Chenango County is an office to be filled by all the voters of an assembly district outside of New York City and that two hundred fifty valid signatures are sufficient. Pursuant to the statutory directive the formula applicable to member of assembly must be applied to candidates for the position of delegates and alternates to the State convention.

Chenango County contains approximately thirty-seven thousand inhabitants. At the 1949 enrollment 11,382 of those inhabitants aligned themselves with the Republican party. Therefore, if the section under discussion contained only the five per centum requirement, 569 valid signatures of enrolled Republican voters would be required to designate a candidate for an office or party position in the Republican primary election. However, the section sets definite numerical limits beyond which the collectors of signatures are not required to go.

For the purpose of electing a member of assembly Chenango County is an assembly district. The New York State Constitution commands, " The members of the assembly shall be chosen by single districts * * * " and speaks of " The assembly districts, including the present ones, as existing * * *." (N. Y. Const., art. III, § 5.) The public officers of the State refer to the forty-four counties of the State having one member of assembly as containing one assembly district and list " Chenango County — One District." (N. Y. Legis. Manual, 1949, p. 888.) The Legislature itself speaks of " the assembly districts of the state " in referring to all units represented by members of assembly. (State Law, § 122.)

Because the county and the assembly district have boundaries which are coterminus, member of assembly from Chenango County may be considered an office " to be filled by all the voters of any other county " as well as an office " to be filled by all the voters * * * of any other assembly district." However, it is a well-established principle in the construction of statutes that, whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only when the particular enactment is inapplicable. (*People ex rel. Davidson* v. *Gilon,* 126 N. Y. 147, 156.) When a statute makes special provision for one class, a general provision that might be applicable to that class will not be deemed to include it, but it will be assumed to be the legislative intent that the specific provision shall be applied to the class to which it refers, and the general provision to all other classes for which specific provision has not been made. (*Schieffelin* v. *Craig,* 183 App. Div. 515, 522; *People ex rel. Vill. of Kinderhook* v. *Board of Supervisors,* 105 App. Div. 319, 325, affd. 182 N. Y. 556.)

Specific provision has been made by the Legislature for offices to be filled by all the voters of assembly district; hence the specific provision must be applied to situations involving the selection of a member of assembly.

Such is not only the plain import of the statute but such interpretation is the only one which avoids a curious anomaly. Three hundred fifty signatures are required in each of the sixty-seven assembly districts in New York City. Because of constitutional limitations many of the assembly districts in New York City each have a much greater number of inhabitants and a much larger number of enrolled party members than most upstate assembly districts whose boundaries are coterminus with those of a county. To require five hundred signatures in the less populated upstate assembly districts because their boundaries are coterminus with boundaries of counties would be unreasonable. Whenever the language of a statute admits of different interpretations, that which is most reasonable should be adopted. (*People* v. *Santoro,* 229 N. Y. 277.)

Two hundred fifty valid signatures being required in Chenango County to designate a candidate for nomination as member of assembly, two hundred fifty valid signatures are required to designate candidates for the position of delegates and alternates to the State convention (Opinion of Atty.-Gen. [Inf.], 59 N. Y. Dept. Rep. 135). The designating petition of the candidates mentioned above should be declared sufficient and valid.