Joseph A. Cox, S.
In this proceeding to settle the final account of executors, the petitioners seek a construction of the will in respect of a renunciation by one of the life beneficiaries of his interest in a trust of one half of the residuary estate.
*710 Under paragraph Fifth of the will, testatrix divided her residuary estate into two equal parts, creating two equal trusts “A” and “ B ” for the respective life benefit of her sons, Bertram and Arthur. We are only concerned with trust “ B ” which is measured by the life of testatrix’ son, Arthur, with income to him for life and power in the trustees other than himself to invade principal for his benefit. Upon his death, the trust terminates and the balance of income is devised and bequeathed to ‘ ‘ the issue of my said son, ARTHUR WOLFF, in equal shares, per stirpes and not per capita ’ ’.
Certain accrued income remains on hand which the life beneficiary has refused to take. By instrument duly executed June 6, 1957 he has renounced “ all present and future title or interest in and to the estate of my late mother, Esther Wolff; and in and to any and all present income not as yet received by me and future income and/or principal under the aforesaid trust created under the Last Will and Testament of my late mother, Esther Wolff, and hereby release, absolutely and forever, any and all persons who may qualify as trustees from any obligation or duty or requirement to pay said trust income and/or principal as provided under said Last Will and Testament to me during my life.” He requests the executors in the accounting proceeding to pray for approval of the renunciation and for a construction as to its legal effect.
Petitioner submits that said renunciation is valid; that the effect thereof will not accelerate the remainder, but that during the life of Arthur Wolff the income of his trust is payable to the persons entitled to the next eventual estate, namely his issue, to be paid to them equally, per stirpes. Presently he has two children, a son and a daughter, the latter having no issue and the former having two infant children. The court holds that the renunciation is valid and it is approved. The remainder is not accelerated since the trust may not be destroyed (Matter of Wentworth, 230 N. Y. 176), but the trust continues during the measuring life. The effect of such renunciation is that the income is payable to the persons presumptively entitled to the next eventual estate (Matter of Suter, 207 Misc. 1002; Matter of Matthiessen, 175 Misc. 466; Matter of Hanna, 155 Misc. 833; Matter of Goldberger, 143 N. Y. S. 2d 406; Real Property Law. § 63). Those entitled are the children of the life beneficiary and in the event of the prior death of any child to the survivor or survivors or their issue per stirpes. The income payable includes that accrued and not paid to the life beneficiary as well as all future income (Matter of Matthiessen, supra).
Submit decree on notice construing the will and settling the account accordingly.