S. Samuel Di Falco, S.
In this proceeding to settle its accounts as executor and as trustee, questions of construction have been raised which require determination because of the renunciation by the testatrix’ son William of his interest in the estate.
In paragraph Fourth of her will the testatrix bequeathed and devised one half of her residuary estate to her trustee for the use and benefit of her son William during his life. Under the provisions of the trust created for William the testatrix directed that the income thereon be paid to him for life and that if the income therefrom was insufficient to provide payments totalling $2,400 per annum that the principal of the trust be invaded to provide that amount annually. Upon the death of William leaving issue the principal was to be distributed to such issue per stirpes. Upon the death of William without issue the principal of his trust was to be added to the residuary trust created for the testatrix’ son Arthur in paragraph Fifth of the will and the income thereon paid to Arthur during his lifetime. If Arthur predeceased William the principal of William’s trust was to be distributed to Arthur’s issue per stirpes. As herein-above indicated William has renounced all his interest in the estate by an instrument filed in this court on November 27,1961. At the present time neither William nor Arthur have any issue.
The right of William to renounce the bequests to him under the will is not and cannot be questioned. (Albany Hosp. v. Albany Guardian Soc., 214 N. Y. 435; Matter of Suter, 207 Misc. 1002.) It is also well settled that the renunciation by a life beneficiary of the income of a trust does not destroy the trust if the said trust was valid at its inception. (Matter of Goldberger, 143 N. Y. S. 2d 406; Matter of Suter, supra; Real Property Law, § 96; Personal Property Law, § 15; Matter of Wentworth, 230 N. Y. 176.)
*72 Section 63 of the Beal Property Law provides that the income of a valid trust not disposed of by the terms thereof shall belong to the persons presumptively entitled to the next eventual estate. In the case at bar the testatrix provided that upon the death of William the trust principal should be distributed among his issue. At this time William has no issue and failing such issue the testatrix directed that the trust principal he added to and become part of a trust created by her for the benefit of her son Arthur. The testatrix’ son Arthur is at present the only person presumptively entitled to the.next eventual estate and failing the birth of issue to William will remain the only person presumptively entitled to the next estate so long as he shall live. (Manice v. Manice, 43 N. Y. 303; Matter of Harteau, 204 N. Y. 292; Matter of Vanderbilt, 229 App. Div. 574.)
The court therefore directs that the trust created for William be maintained as a separate trust during his lifetime and that the income therefrom be paid to the testatrix’ son Arthur. As the trust will be maintained separately the income therefrom payable to Arthur shall not be considered in determining whether there is any necessity for invasion of the principal of the residuary trust created for Arthur under the decedent’s will, but no invasion of principal of William’s trust shall be permitted for the benefit of Arthur.
The relief requested with reference to the property bequeathed to William under paragraph Second of the decedent’s will is granted and the executors are directed to sell such property and add the proceeds thereof in equal shares to the principal of the residuary trusts.