S. Samuel Di Falco, S.
In this proceeding to settle the account of an executor questions of construction have been raised which require determination because of the renunciation by the testatrix’ two sisters, Anna and Alida of their interest in the estate.
In paragraph First of her will the testatrix bequeathed and devised her entire estate to her trustees for the use and benefit of her sisters Anna and Alida during their lives. Under the provisions of the trust created the testatrix directed that the income thereon be paid to them share and share alike for their lives. Upon the death of either, the principal is to be divided into two equal shares and the deceased sister’s share paid to her lineal descendants her surviving. Upon the death of the first of said sisters without lineal descendants her surviving, then the whole thereof for the life of the surviving sister and upon her death the principal is to be paid to her lineal descendants her surviving. Anna and Alida survived the testatrix but renounced all their interest in the estate, before any trust income had been paid to them by instruments dated .September 29, 1961. At present Anna has one child, Hilda Alida and Alida has three children, Anna, Erik and Carl.
The right of Anna and Alida to renounce the bequests to them under the will is not and cannot be questioned (Matter of Singer, 33 Misc 2d 70; Albany Hosp. v. Albany Guardian Soc., 214 N. Y. 435; Matter of Suter, 207 Misc. 1002). It is also well settled that the renunciation by a life beneficiary of the income of a trust does not destroy the trust if the said trust was valid at its inception (Matter of Goldberger, 143 N. Y. S. 2d 406; Matter of Suter, supra; Real Property Law, § 96; Personal Property Law, § 15; Matter of Wentworth, 230 N. Y. 176). Section 63 of the Beal Property Law provides that the income of a valid trust not disposed of by the terms thereof shall belong to the persons presumptively entitled to the next eventual estate. This rule is equally applicable to future interests in personal property (Matter of Harteau, 204 N. Y. 292).
The testatrix provides that the income of the trust should be applied to the use of Anna and Alida share and share alike for their respective lives and upon the death of either the principal is to be divided into two parts and one part is to be paid to the deceased sister’s lineal descendants, her surviving. At the present time, Anna has a daughter Hilda Alida. Hilda Alida is the person presumptively entitled to the next eventual estate with respect to Alida. Alida has three children, Anna, Erik and Carl. Anna, Erik and Carl are the persons presumptively entitled to the next eventual estate with respect to Anna.
*563 The court, therefore, directs that the trust created for Anna and Alida be maintained during their lifetime and that one half of the income of said trust be paid to Hilda Alida and that the remaining one half be paid to Anna, Erilc and Carl, and upon the death of either life tenant the principal of the trust be paid over as provided in the will.
Attorneys’ fees and allowance of special guardian fixed. Disbursements taxed.