Otto C. Jaeger, S.
In this proceeding the court is requested to construe paragraph “ fifth ” of the decedent’s will, and to permit the petitioner to resign as trustee.
The will provides as follows: ‘1 fifth : All the rest, residue and remainder of my property, both real and personal, * * * I give, devise and bequeath to my trustee hereinafter named, in trust, nevertheless, to invest and reinvest the same and to pay one-half of the net income therefrom to ruth louise goodwin, * * *, and the remaining one-half thereof to mildred oarson donaldson * * * during the life of each respectively, and upon the death of either or both of said persons, to transfer and pay over to my nephew wesley e. donaldson, jr. * * * absolutely and forever such part and/or all the said rest, residue and remainder of my estate.”
One income beneficiary predeceased the testatrix. The other, who is also the named trustee, survived the testatrix but has renounced her beneficial interest by an instrument in writing, filed and recorded. The trust has not been funded and no income has been received by the surviving life tenant.
*820 The right of a beneficiary to renounce a testamentary gift, whether it be outright or in trust, is established beyond question (Albany Hosp. v. Albany Guardian Soc., 214 N. Y. 435; Matter of Singer, 33 Misc 2d 70). The issue to be determined is not the validity of the renunciation but whether, in view of the renunciation, the remainder may be accelerated.
The authorities are uniform in holding that while the beneficiary of a trust may renounce, he may not thereby terminate the trust and accelerate the remainder (Matter of Goldberger, 143 N. Y. S. 2d 406; Matter of Singer, supra; Matter of Wolff, 11 Misc 2d 709). This rule, based on the indestructability of a spendthrift trust, applies whether the remainder is vested or contingent (Matter of Roe, 18 Misc 2d 970; Matter of Hanna, 155 Misc. 833). In each of the cited cases the trust was preserved and the income paid to the persons presumptively entitled to the next eventual estate.
The instant case must be distinguished, however, in that no valid trust was in fact created under paragraph “ fifth ” of the will. In that paragraph the testatrix bequeathed her entire residuary estate to her trustee and provided that each life beneficiary was to receive one half of the income. She then directed that ‘ ‘ such part and/or all ’ ’ of the principal be paid to the remainderman upon the death of “ either or both ” of the income beneficiaries. These provisions áre construed as meaning that each beneficiary was to receive the income from one half of the principal and that the remainderman was to be paid one half of the principal upon the death of one beneficiary and the balance upon the deáth of the other.
Since one income beneficiary predeceased the testatrix, the preliminary trust interest of that beneficiary never became effective and, upon the death of the testatrix, that portion of the principal payable “upon the death” of such beneficiary vested in the remainderman and he became immediately entitled to one half of the residuary estate (Matter of Fordham, 235 N. Y. 384; United States Trust Co. v. Hogencamp, 191 N. Y, 281).
Under the terms of the will, the other half of the residuary estate was to be held in trust and the entire income paid to the sole surviving income beneficiary. Since, however, she is also named, as the sole trustee, a legal, and thus alienable, life estate, rather than a valid trust was created (Matter of Reed v. Browne, 295 N. Y. 184; Matter of Johnson, 5 Misc 2d 87; Matter of Bernier, 15 Misc 2d 156), and the rule prohibiting the destruction of a spendthrift trust is inapplicable.
*821 The beneficial interest in the life estate having been renounced and the remainder limited upon the life estate being absolutely vested, such remainder is accelerated.
Since there is no trust to administer, the letters of trusteeship heretofore issued will be revoked.