John Copertino, J.
In this prosecution for the violation of a zoning ordinance the People and the defendant have stipulated the facts.
The controversy involves the use of certain premises in the Town of Islip located in a use zone designated as 1 ‘ Business 1 District (Bl) ” under the present Revised and Codified Zoning Ordinance effective January 1, 1968 as well as the Revised Zoning Ordinance as amended to 1961.
The defendant is a tenant and has used the premises as a used car lot since the latter part of 1967.
Under the 1961 ordinance a used car lot was permitted in a use zone designated as simply ‘ ‘ Business. ” “ Business 1 ’ ’ permitted the operation of any ‘ ‘ retail business * * * confined to the interior of the building.” “ Business 1 ” did not make provision for permitting any use all owed in ‘ ‘ Business. ’ ’ Business 2, the next use district set forth in the 1961 statute, permitted ‘ ‘ the operation of any business * * * permitted in Business 1 * * * and in addition any business operation which requires * # * outside display ’ ’. Article II divided the Town of Islip into 17 districts classified in rank ‘1 from * * * highest to lowest ” with “ Business,” “ Business 1,” and ‘ ‘ Business 2 ’ ’ appearing in that order.
Under the Revised and Codified Zoning Ordinance retail businesses confined to the interior of the building are permitted in a “ Business 1 District (Bl).” The preceding classification, “ Business District (BD),” permits a motor vehicle sales room with or without outside display when authorized by special *196 permit from the Town Board. B1 does not make provision for permitting any use permitted in BD. The next use district set forth, B2, permits ‘ ‘ the operation of any retail business * * * allowed in * * * Business 1 * * * and in addition any retail business * * * which requires outside * * * display ”. Article II provides for 21 use districts which are ‘ ‘ Classified in rank from highest to lowest ’ ’ with BD, Bl, and B2 appearing in that order.
Nowhere in either ordinance is “ highest to lowest ” explained or particularized.
The only contention worthy of serious consideration made by defendant is that inasmuch as a used car lot was permitted in the “higher” classification (“Business”) under the 1961 ordinance — the controlling ordinance at the time the prosecuted use commenced — premises zoned “Business 1” could also be utilized as a used car lot. The ordinance, however, did not specifically say as much, and the court does not agree with defendant.
The characterization with respect to highest and lowest made in article II is general only and must yield to the specific provisions that are thereafter made with respect to permitted uses. Where particular provisions and general provisions appear in the same statute, the general provisions are superseded by the particular provisions (Mc Kinney’s Cons. Laws of N. Y., Book 1, Statutes, § 238; Matter of Button v. Slater, 198 Misc. 1).
The court fails to see how the characterizations found in article II are controlling with respect to permitted use where thereafter each use category sets forth in detail the uses that are permitted.
The ordinances in question are not pure cumulative ordinances (See Anderson, Zoning Law and Practice in New York State, § 8.07). This court knows of no authority which requires a holding that they be interpreted as such merely because there is a section in each which sets forth all the categories from the highest to the lowest. Such an interpretation would be contrary to the specific provisions set forth therein.
The specific provisions of the 1961 ordinance prohibited use of the premises as a used car lot. The premises do not, therefore, enjoy a nonconforming use status. Inasmuch as the present zoning ordinance also prohibits use of the premises as a used car lot, the defendant is in violation of the ordinance and is found guilty as charged.