Irving A. Green, J.
The central question which the court must answer upon this application is whether the ancient legal citadel which surrounds and preserves the indestructibility of spendthrift trusts (Matter of Wentworth, 230 N. Y. 176, 185; EPTL 7-1.5) has been breached, altered or impaired by virtue of the enactment of EPTL 3-3.10 by the Laws of 1971, which became effective on November 3, 1971.
This will, executed on May 20, 1965, was duly admitted to probate on March 21, 1972, following the testator’s death on *240 March 1, 1972. Paragraph Second, subdivision D (I) of the will created a spendthrift trust for the life benefit of the testator’s daughter, entitling her to only the net interest and income from the trust corpus. Upon her death, the principal, increment and profits of the trust remaining, are to be distributed equally among the daughter’s three named children. Substitutionary gifts are provided for the issue of such named children in the event any such child predeceases the mother (trust beneficiary).
Within one year after the' will was admitted to probate, a renunciation, in proper form, was filed in this court on March 8, 1973, under which the beneficiary of the trust renounces and refuses to accept the legacy under the aforesaid paragraph of the will; and expressly states in such instrument of renunciation that: “ This legacy shall become the property of the remainder-men of the trust, namely ’ ’.
The named remaindermen now seek immediate distribution to them of their eventual estate, upon the theory that by virtue of the express provision of EPTL 3-3.10 (subd. [c]) such renunciation has the same effect as though the renouncing trust beneficiary had predeceased the testator, thereby bringing about the acceleration of the remainders. Petitioner claims support for such contention in Matter of Schloessinger (70 Misc 2d 206), which cites Matter of Fordham (235 N. Y. 384), for the proposition that the death of a life tenant before a will can take effect does not destroy the remainders but accelerates such eventual estate. In the Fordham case (supra) the life tenant actually predeceased the testatrix. In the Schloessinger case (supra) the precise question raised upon this application is neither discussed nor reviewed although the factual pattern recited in the opinion of that case appears closely analogous. Similarly, the Fordham case was not presented with this precise question since the earlier death of the life beneficiary actually occurred so that the acceleration of the eventual remainder estate did not come about by any voluntary and deliberate act of the life beneficiary.
Research by the court has failed to reveal any probative writings or memoranda bearing on the consideration or intentions, if any, of the Legislature with respect to the effect of BPTL 3-3.10 (entitled: “ Renunciation of testamentary dispositions ”) upon the doctrine of the indestructibility of spendthrift trusts and BPTL 7-1.5, which provides for inalienability of rights to income by trust beneficiaries. It has been said that the public policy of this State makes every testamentary trust a spendthrift trust. (Matter of Connor, 56 Misc 2d 10, 15.) Prom the Practice Commentary to such sections (McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 3-3.10, 7-1.5), it appears the concern *241 and intention of the Legislature primarily was to set down the technical forms and procedures to be followed in connection with renunciations by testamentary beneficiaries. There appears no design or intention to abrogate, alter or modify existing substantive principles deeply rooted in the law governing testamentary spendthrift trusts. There appears no design or intention to conflict with, alter or modify EPTL 7-1.5, which continues the historic legal barrier preventing the beneficiary of a spendthrift trust from alienating the right to receive the trust income. “It is assumed that the Legislature will not abolish a longstanding policy without using explicit words to show its intention, and it is a cardinal principle of statutory interpretation that intention to change a long-established rule or principle is not to be imputed to the Legislature in the absence of a clear manifestation. Hence, where a contrary intention does not appear that construction will be given a statute which accords with prior legislative policy on the same question.” .(McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 126.)
“ Statutory language, however strong, must yield to what appears to be intention and that is to be found not in the words of a particular section alone but by comparing it with other parts or provisions of the general scheme of which it is part.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 97.)
Indeed, it is a well-established principle in the construction of statutes that when a statute makes special provision for one class, a general provision that might be applicable to that class will not be deemed to include it, but it will be assumed to be the legislative intent that the specific provision shall be applied to the class to which it refers, and the general provision to all other classes for which specific provision has not been made. (Hoey v. Gilroy, 129 N. Y. 132; Matter of Button v. Slater, 198 Misc. 1, and cases cited.) Thus, the inalienability of trust interests specifically provided for in EPTL 7-1.5, in the absence, as here, of an explicit and expressed contrary intention of the Legislature, must be considered in the nature of an exception to the general provisions of EPTL 3-3.10 respecting the general ability of any testamentary beneficiary to renounce all or part of his interest and thereby bring about a result (in the absence of a contrary provision in the will), as though the renouncing person had predeceased the testator. (82 C. J. S., Statutes, § 347; People ex rel. Knoblauch v. Warden, 216 N. Y. 154, 157.)
The foregoing construed intention of the Legislature and the expressed intention of the testator lead the court to hold that, while the right of a beneficiary of a trust to renounce is established beyond question, he may not thereby effect a termination *242 of a spendthrift trust and accelerate the remainder by virtue of EPTL 3-3.10 (subd. [c]). The effect of such renunciation, well established, is that the income is payable to the persons presumptively entitled to the next eventual estate. Those here entitled are the three children of the life beneficiary coupled with the substitutionary gift provisions of the will in the event of the prior death of any child. The income payable includes that accrued and not paid to the life beneficiary as well as all future income. (Matter of Carson, 58 Misc 2d 819; Matter of Wolff, 11 Misc 2d 709.)