OPINION OF THE COURT
Irving A. Green, J.
In this construction proceeding the court is asked to determine whether a duly filed renunciation of her entire income interest in a trust created for her lifetime benefit by the sole surviving cestui que trust has effected an acceleration of the trust corpus to specifically named charitable remaindermen. The Attorney-General, in his answer to the petition requests a construction by the court accelerating the charitable remainders.
*541 Article "sixth” of the will provides for creation of a trust with shares of IBM stock "upon the same uses and purposes as the inter-vivos trust” created by the testatrix and administered by the same persons nominated as the trustees of the trust.
The inter vivos trust incorporated in the will provides for the income from the trust to be paid to the renouncing beneficiary for the term of her natural life, and upon her death, the corpus is directed to be distributed among eight specifically nominated charitable remaindermen in designated proportions.
The determination of the issue thus posed in this proceeding necessarily has its roots in the provisions of EPTL 3-3.10, this will having been executed on August 9, 1971, and admitted to probate on June 24, 1977. The relevant portion of such statute reads as follows: "(c) Unless the testator * * * has otherwise provided, the filing of a renunciation, as provided in this section, has the same effect with respect to the renounced interest as though the renouncing person had predeceased the testator”.
The application of this statutory provision to specific instances of renunciations filed in estates in various of the Surrogate’s Courts throughout the State has not been uniform and standardized as the literal language of such statute would appear to require. This is so because the statute (EPTL 3-3.10) failed to provide for several contingencies, some of which, perhaps, are of constitutional dimension. Particularly, the statute does not deal with the problem of remainders to a class which, by the terms of the will, cannot be identified until the actual death of the life beneficiary where the clear intention of the testator is that the class remain open or subject to defeasance during the lifetime of the life beneficiary. The prospective and contingent property rights of the members of such class become settled upon the probate of the will. Permissible legislative interference with property rights is circumscribed and requires, in any event, clear and unambiguous legislative language. (56 NY Jur, Statutes, § 226; Matter of Depew, 179 Misc 1074, 1079.)
This problem was present in the earlier decision of this court in Matter of Dexter (75 Misc 2d 239), wherein this court declined to accelerate the remainder to a class the members of which were not to be fixed until the death of the life beneficiary since acceleration would violate the testamentary provi *542 sion and clear intention of the testator, in that case. In the Dexter case, the testator nominated as remaindermen only the survivors of the life beneficiary. My learned colleague, Surrogate Signorelli, in Matter of Sheldon (NYLJ, Jan. 3, 1977, p 12, col 4) arrived at the same conclusion in a similar factual circumstance, pointing out: "However, as pointed out by Professor Rohan (New York Civil Practice, Vol. 9 Sec. 3-3.10 [2] note 6) a remainder cannot be accelerated where the class of remaindermen is to be determined at a future date.”
In a case more closely analogous to the one under discussion, Matter of Slade (79 Misc 2d 578), my learned colleague, Surrogate Bookhout, in accelerating the charitable remainders to the indefensibly vested remaindermen, nevertheless pointed out that he did not necessarily disagree with this court’s declining to accelerate remainders where such remainders were subject to defeasance in the event of the death of the remaindermen during the lifetime of the renouncing life beneficiary.
Whether or not the change in statutory language effected in the amendment of EPTL 2-1.11 (subd [d]), effective August 11, 1978, addresses and disposes of these construction issues is not involved in this proceeding and is not considered by the court. That determination must await another day.
In this case, the intention of the testatrix is clearly evident to vest indefeasibly and absolutely the trust corpus remainder in the specifically nominated charitable beneficiaries upon the termination of the prior life estate. The renunciation of her entire interest in the trust by the life beneficiary coupled with the here applicable and appropriate statutory provisions of EPTL 3-3.10 permits the acceleration of the possession of the trust corpus by the charities entitled thereto.
This court finds that by virtue of the duly filed renunciation herein by the life beneficiary, Mildred L. Delavan, the trust remainders provided for the eight designated charities have accelerated and are immediately vested in the possession of such designated charities and in the amounts and in the proportions, all as set forth in the inter vivos trust agreement specified in article "sixth” of the will herein.
Settle decree.