*796 OPINION OF THE COURT
John P. Callanan, Sr., S.
Executrix Ida V. White, by petition of February 22, 1991, requested a determination of the validity, construction and effect of the disposition of property under paragraph fourth (B) of the will of Elsa A. Vainio in conjunction with renunciation by Rauli Vainio of his $100 per month share under the trust created by paragraph fourth (B).
Effect of Renunciation
The pertinent provision of the will is paragraph fourth (B) and reads:
"(B). The other one-half thereof, I give to ida v. white, In Trust Nevertheless for the following purposes:
"She shall keep the same invested and out of the income therefrom and so much of the principal as may be necessary, she shall pay to my son rauli Johannes vainio, the sum of One Hundred Dollars ($100.00) per month beginning one month after the date of my death and continuing for the remainder of his life. Upon the death of my son rauli Johannes vainio, she shall pay over to my son vainc ilmari vainio, any remaining money in said Trust. In the event that my son vainc ilmari vainio is not then living, any remaining assets of said Trust, I give and bequeath to my friend, susie lodinsky, to be hers absolutely and forever.”
Rauli Johannes Vainio effectively renounced his benefit to the said trust by written instrument of September 28, 1990.
The controlling statutory provision is EPTL 2-1.11 (d) which states: "Unless the creator of the disposition has otherwise provided, the filing of a renunciation, as provided in this section, has the same effect with respect to the renounced interest as though the renouncing person had predeceased the creator or the decedent or, if the renounced interest is a future estate, as though the renouncing person had died at the time of filing or just prior to its becoming an estate in possession, whichever is earlier in time, and shall have the effect of accelerating the possession and enjoyment of subsequent interests, but shall have no effect upon the vesting of a future estate which by the terms of the disposition is limited upon a preceding estate other than the renounced interest, nor if the renunciation is of a distributive share, shall it decrease the share of any other distributee. Such renunciation *797 is retroactive to the creation of disposition. A person who has a present and a future interest in property and renounces his present interest in whole or in part shall be deemed to have renounced his future interest to the same extent.”
Rauli Vainio and Vaino Vainio, through their respective attorneys, urge that the principal and income of the trust be paid immediately to Vaino Vainio outright. The executrix and Susie Lodinsky, through their respective attorneys, suggest that the income be accumulated and the trust remain intact until the death of Rauli Vainio and then be paid to Vaino Vainio if he is still living, or to Susie Lodinsky if Vaino Vainio has predeceased Rauli Vainio as is provided in the will.
The court finds that EPTL 2-1.11 (d) is clear and plain that unless the creator otherwise provides, the filing of a renunciation has the same effect with respect to the renounced interest as though the renouncing person had predeceased the decedent. The same section is clear that renunciation of a present interest in property effectively renounces that person’s future interest to the same extent. Rauli Vainio’s renunciation does not provide otherwise and, therefore, as to his present or future interest to the property provided for in paragraph fourth (A) and fourth (B) of Elsa Vainio’s will, it is as though he predeceased her.
As to what effect this has on the remainder interests of Vaino Vainio and Susie Lodinsky, the court makes its decision on the following three principles:
(1) The court relies on that portion of EPTL 2-1.11 (d) which reads: "but shall have no effect upon the vesting of a future estate which by the terms of the disposition is limited upon a preceding estate other than the renounced interest, nor if the renunciation is of a distributive share, shall it decrease the share of any other distributee” (hereinafter referred to as the limiting provision).
There was no identical or similar provision found in either of the predecessor statutes that were replaced by EPTL 2-1.11. (For text of EPTL former 3-3.10 and its amendments, see, 4B Warren’s Heaton, Surrogate’s Courts, § 406, |f 10 [b]; and for text of EPTL former 4-1.3, see, 4A Warren’s Heaton, op. cit., §403, ¶ 1 [c].)
EPTL 3-3.10 dealt with testamentary dispositions and EPTL 4-1.3 with intestate shares. Chapter 861 of the Laws of 1977 repealed them both (EPTL 3-3.10 as of Aug. 10, 1978 and EPTL 4-1.3 as of Aug. 11,1977).
*798 The limiting provision found in EPTL 2-1.11 (d) which was not included in EPTL 3-3.10 distinguishes the case at bar from the leading case of Matter of Chadbourne (92 Misc 2d 648). The case at bar is decided under EPTL 2-1.11 and the Chadbourne case was decided under EPTL 3-3.10. (See the final two sentences of the Chadbourne case, supra, at 651.) The case at bar is also distinguished from Matter of Paine (103 Misc 2d 393), which involved a renunciation which antedated all of the statutory provisions concerning renunciation of a legacy and was based on the common-law right of a legatee to renounce. Both Chadbourne and Paine contain excellent discussions of the subject case law and statutory provisions. This court respectfully partially disagrees with the dicta in each case that the enactment of EPTL 2-1.11 (d) codifies the judicial holding of Matter of Schloessinger (70 Misc 2d 206), only because of the inclusion in the current statute of the limiting provision.
This court has been unable to find any case law, practice commentary, or textbook analysis addressing the application and the effects of what is being referred to as the limiting provision on the application of renunciation. In most renunciations apparently there are not future estates which will be affected by the terms of the renunciation and which estate is limited upon a preceding estate other than the renounced interest.
Specifically, the court finds that this limiting provision creates a limitation or restriction on the ability of a renunciation to affect the vesting of a future estate which is limited upon a preceding estate other than the renounced estate.
The interests of both Vaino Vainio and Susie Lodinsky are future estates vested subject to complete defeasance.
"Definition of a future estate vested subject to complete defeasance.
"A future estate vested subject to complete defeasance is an estate created in favor of one or more ascertained persons in being, which would become an estate in possession upon the expiration of the preceding estates, but may end or may be terminated as provided by the creator at, before or after the expiration of such preceding estates.” (EPTL 6-4.9.)
Vaino Vainio’s estate is limited upon the preceding estate of Rauli Vainio, the renounced interest. However, Susie Lodinsky’s estate is limited not only upon Rauli Vainio’s estate, but also upon the preceding estate of Vaino Vainio, a nonre *799 nounced interest. Therefore, the statute provides that the renunciation shall have no effect upon the vesting of Susie Lodinsky’s future estate. This is a restriction on the effect of the statutory fiction that the renouncing party’s interest is treated as though he predeceased the decedent. The court suggests this interpretation finds support in the immediate continuation of the limiting phrase which reads, "nor if the renunciation is of a distributive share, shall it decrease the share of any other distributee.” Both of these protect the interests of people who could be damaged by a renunciation over which they had no control.
It is also noted that EPTL 2-1.11 (b) (2) provides that notices and a copy of the renunciation be served as the court directs on persons whose interest may be created or increased by the renunciation. It makes no mention of service on persons whose interest may be terminated or decreased. Similar service requirements for creation and increase were included in EPTL former 3-3.10, but none for termination or decrease. It is apparent that the Legislature did not anticipate that a distributee or a beneficiary would lose their interest nor have it decreased. In the case at bar, the question of late filing and undue influence were both raised and if the Legislature intended that a future interest limited upon a preceding estate other than the renouncing estate could be terminated, they would have required notice of the filing of the renunciation to that person.
(2) The New York doctrine of the indestructibility of trusts. The subject trust is a spendthrift trust and governed by the provisions of EPTL 7-1.5 (a) (1). His life beneficiary interest is inalienable. The court is aware of and in agreement with the many cases that determine such indestructibility doctrine does not prohibit a renunciation pursuant to EPTL 2-1.11. However, when the limiting provision applies and there is a future estate limited upon a preceding estate other than the renounced interest, this court concludes that the possibility exists of completely frustrating the creator’s intent by allowing the lifetime beneficiary to maneuver possession of the corpus to himself under certain circumstances by acceleration to the extent that it would destroy the indestructibility doctrine in those cases beyond which is acceptable.
Factually, it did not happen in the case at bar, but an explanation of the possibility of the lifetime beneficiary of a spendthrift trust getting the corpus of the trust is as follows: A will admitted to probate creates a trust with income to A *800 for his lifetime, • remainder to B if he is living at time of A’s death and to C if B predeceases A. If B dies before A started receiving his benefit and within the nine-month period for renouncing, leaving A as his only distributee or only named beneficiary under B’s will, A could renounce. The acceleration would vest the corpus of the trust in B prior to his death and it would be part of B’s estate, going to A outright rather than as an income beneficiary, an obvious frustration of the creator’s intent and a complete destruction of a spendthrift trust. This would also afford the income beneficiary the opportunity to terminate C’s future estate for A’s own personal benefit. Even though this is a possibility only and could only apply in a limited number of fact patterns, it could destroy so completely the creator’s intent that this court finds that when the limiting provision applies, acceleration of the remainder interests should not be allowed.
It is obvious that even if there was no remainder C in this example but only A — lifetime beneficiary, and B — remainder, that A could still maneuver the corpus to himself. It is in combination with A’s potential ability to terminate C’s future interest which is one basis for this decision.
(3) The intent of the testatrix. Intention of a testatrix is essential in determining how her property is to be disposed of under her will. The well-established rule is that the courts construe language used in wills by reference to the testatrix’s intended meaning. (See, Matter of Jones, 38 NY2d 189; Matter of Thall, 18 NY2d 186; 7 Warren’s Heaton, op. cit., § 16, ¶ 1.)
For her own reasons, Elsa Vainio did not want Rauli Vainio to receive more than $100 per month income and principal from the remainder one half of her estate that she put in trust. If the renunciation accelerates the remainder interest and Vaino Vainio gets the trust funds at this time and dies before Rauli Vainio dies leaving Rauli Vainio as a distributee or beneficiary of all or part of his assets, Rauli Vainio would come into all or part of the trust corpus which is not what Elsa Vainio intended. Further, if acceleration takes place, Susie Lodinsky’s future interest is terminated and she has no opportunity of ever receiving the trust funds as a remainder-man, as Elsa Vainio provided.
It is clear that Elsa Vainio wanted Vaino Vainio to receive the trust balance upon the death of Rauli Vainio and if Vaino Vainio was not then living, she wanted Susie Lodinsky to receive the trust balance. For purpose of interpretation of the *801 testator’s intention, there is no indication that the testatrix ever considered a renunciation by Rauli Vainio or an acceleration of the remainder interests during Rauli Vainio’s lifetime.
Dealing with what information we have, the court concludes that Elsa Vainio’s intention was that at the time Rauli Vainio died, Vaino Vainio would receive the balance of the trust funds and if Vaino Vainio was not then living, Susie Lodinsky would receive the balance of the trust funds. To interpret her testamentary scheme in any other fashion is impossible from the available information.
It is also clear that Elsa Vainio intended that the trust established under paragraph fourth (B) would supply $100 per month out of income and so much from principal as may be necessary for the benefit of a family member. Since Rauli Vainio has renounced, it is in keeping with her testamentary scheme that said $100 per month be paid to Vaino Vainio, her only other child, who benefits under her will. Just such a procedure has been described as the well-established rule in New York: "The effect of such renunciation, well established, is that the income is payable to the persons presumptively entitled to the next eventual estate. Those here entitled are the three children of the life beneficiary coupled with the substitutionary gift provisions of the will in the event of the prior death of any child. The income payable includes that accrued and not paid to the life beneficiary as well as all future income. (Matter of Carson, 58 Misc 2d 819; Matter of Wolff, 11 Misc 2d 709.)” (Matter of Dexter, 75 Misc 2d 239, 242.)
The court finds that when there is a future interest limited upon a preceding estate other than the renounced interest and the intent of the testatrix will not be violated, that it is fair and equitable to pay the life interest amount to the next eventual estate during the subject lifetime with the payment of the remainder interest abiding the determination of the preceding estates.
This will help preserve Elsa Vainio’s intent in that it will continue Vaino Vainio’s remainder interest as provided in the will and also will protect Susie Lodinsky’s remainder interest both at the same financial level, viz., the trust corpus less the monthly payment of $100 from income and as needed principal. It will also pay out the $100 per month to her only other child, the holder of the next eventual estate.
In the case at bar, the court further finds that if either *802 Vaino Vainio or Susie Lodinsky predeceases Rauli Vainio that the limiting provision would then become ineffective on the remainder. If Vaino predeceases Rauli, Susie’s remainder interest is only limited upon the preceding estate of the renounced interest, namely, Rauli’s. If Susie predeceases Rauli, there is no longer a remainder interest limited upon a preceding estate other than the renounced interest, but only Vaino’s remainder interest which is limited upon the renounced interest. If either Vaino or Susie predeceases Rauli, the corpus of the trust should be paid to whichever one of those is still living. There would be no restriction created by the limiting provision still in effect.
Based on those findings and determinations, it is hereby the
decision and order that as to Rauli Vainio’s life interest, it is as though he had predeceased the decedent Elsa Vainio; and it is the further
decision and order that Rauli Vainio’s renounced life interest in and to $100 per month from the income and so much of the principal as may be necessary to pay that amount will be paid by the trustee to the person entitled to the next eventual estate, Vaino Vainio, in one lump-sum payment for the months beginning December 22, 1989 until February 22, 1992, and thereafter on a monthly basis; and it is the further
decision and order that the future interests of Vaino Vainio and Susie Lodinsky continue as future estates vested subject to complete defeasance until the first of Rauli, Vaino or Susie dies, in which event the trust corpus shall be paid as follows:
(a) If Rauli Vainio dies first, payment by the trustee of all principal and accumulated income to Vaino Vainio;
(b) If Susie Lodinsky dies first, payment by the trustee of all principal and accumulated income to Vaino Vainio;
(c) If Vaino Vainio dies first, payment by the trustee of all principal and accumulated income to Susie Lodinsky.